### STATE v. CORDELL HULL McPEAK.

(Filed 14 December, 1955.)

**1. Narcotics § 3—**

The forfeiture of a vehicle used in illegal transportation of narcotics can be defeated and the car recovered by the true owner only if he can establish his title and show that the transportation of contraband was without his knowledge or consent.   G.S. 90-111.2.

**2. Criminal Law § 42e—**

Where a statement made by defendant is admitted in evidence by agreement of the solicitor and defense counsel, testimony of another statement by defendant at variance therewith is competent for the purpose of contradiction.

**3. Narcotics § 3—**

Where a petitioner testifies that the vehicle used in the transportation of narcotics was owned by her, and introduces in evidence bill of sale and registration card issued in her name for a particular year, but there is evidence that the car was registered in the name of another for the subsequent year, and that the driver, when arrested, had in his possession registration card showing such other as the owner, and testifies that he and such owner are one and the same, the conflicting evidence is for the jury on the issue, the credibility of the witnesses, and the weight to be given their testimony being for its determination.

**4. Criminal Law § 53l—**

Where the court states the respective contentions of the parties fairly and impartially, a party desiring more specific instructions in regard thereto should tender request therefor.

PETITIONER's appeal from *Johnston, J.,* April 1955 Term Superior Court, SURRY.

Criminal prosecution upon a charge of possessing and transporting narcotic drugs.

Officers arrested Cordell Hull McPeak near Mount Airy in Surry County while he was driving a 1954 Oldsmobile, motor No. V273219, serial No. 548 A 12757, in which were concealed 50 bottles of narcotic drugs.   In McPeak's possession was a registration card for the automobile showing Florida registration for 1955 in the name of James Taylor.   The officers seized the vehicle.

Mrs. Nancy McPeak, wife of the defendant, filed a petition in the cause, alleging that she is the owner of the vehicle and that it was used in concealing and transporting narcotics without her knowledge or consent.   She asked the court to order the car returned to her.   The State answered the petition, denying its material allegations.   Appropriate issues were submitted to the jury.   The issue of ownership was

answered against the petitioner. The court signed a judgment confiscating the vehicle and ordering it sold. The petitioner excepted and appealed.

*Woltz & Woltz, J. N. Freeman, T. M. Faw,* and *Frank Freeman* for petitioner, appellant.

*William B. Rodman, Jr., Attorney General, Claude L. Love, Assistant Attorney General, Charles M. Neaves,* and *Charles L. Folger* for respondent, appellee.

HIGGINS, J. The General Assembly of 1953 (Chapter 909, s. 5b), now G.S. 90-111.2, authorized the confiscation of any private vehicle, vessel, or aircraft unlawfully used for the purpose of concealing and transporting narcotic drugs.

In the illegal transportation of narcotics the vehicle offends and is subject to forfeiture. The forfeiture can be defeated and the car recovered by the true owner only if he can establish his title and show the transportation of contraband was without his knowledge or consent. (See G.S. 18-6.)

In this case the petitioner claims the facts in the case did not warrant the jury in finding she was not the owner. She contends the court erred in permitting the witness Monday to testify that the defendant, Cordell Hull McPeak, when asked about James Taylor in whose name the car was registered, made this statement: "I am one and the same. It is my car. I know I have lost a $3,000 car and besides what time I will get." Considered by itself, the statement would be inadmissible. However, by agreement between the solicitor for the State and defense counsel, a statement by McPeak had been offered by the petitioner and admitted in evidence. In the statement McPeak said the car belonged to his wife. The statement made to Monday was admissible in contradiction. *S. v. Patterson,* 24 N.C. 346; *S. v. Wellmon,* 222 N.C. 215, 22 S.E. 2d 437; *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408.

The petitioner testified the Oldsmobile belonged to her; that she purchased it in Atlanta in 1954. In corroboration she introduced in evidence a bill of sale and registration card issued in her name for the year 1954. However, the car was registered for the year 1955 in the name of James Taylor. When arrested, Cordell Hull McPeak had in his possession the Florida registration card showing James Taylor as the owner. The evidence was sufficient to go to the jury and to sustain the verdict. The credibility of the witnesses and the weight to be given their testimony are jury questions. *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356.

Petitioner's exceptions 10, 11 and 13, and assignments of error of the same numbers relate to the charge. Particularly she contends the court did not detail and emphasize her contentions as to having purchased the car in Atlanta and the documents from the motor company offered by her in corroboration of her claim of ownership. The charge appears to present the contentions fairly and impartially. If the petitioner had desired more specific instructions, she should have asked for them in apt time. Objection after verdict comes too late. *Simmons v. Davenport,* 140 N.C. 407, 53 S.E. 225.

The record fails to disclose error in the trial.

No error.