STATE OF NORTH CAROLINA v. ANDREW JOSEPH O'HORA

No. 7126SC431

(Filed 18 August 1971)

1. **Searches and Seizures § 4— search of a truck under the warrant — question of ownership — Miranda warnings**

    Armed with a search warrant and acting on a tip that the driver of a Dodge panel truck had sold marijuana, police officers were not required to give defendant the *Miranda* warnings prior to asking him if he owned the Dodge panel truck parked in front of his house, where defendant was not placed under arrest until after the officers had searched the truck and found marijuana.

2. **Narcotics § 6— possession of marijuana — confiscation of truck**

    A defendant who was convicted of the possession of marijuana was not entitled to have the jury pass upon his claim that the court unlawfully confiscated the truck used to transport the marijuana. G.S. 18-6; G.S. 90-111.2

APPEAL from *McLean, Judge*, at the 1 February 1971 "A" Regular Session of MECKLENBURG Superior Court.

Defendant appeals from the entry of judgment upon his conviction by the jury of possession of 100 grams of marijuana.

*Attorney General Morgan by Trial Attorney Cole for the State.*

*George S. Daly, Jr., for defendant appellant.*

MORRIS, Judge.

The undisputed evidence of the State tends to show that an informer (shown by the record to be reliable) gave a police officer a tip that a person named "Andy," with bushy hair, mustache, burn on chest, and blue eyes, driving a blue Dodge panel truck with Maryland license, and living at 5228 Valley Stream Road, had sold the informer $15 worth of marijuana. The officer secured a search warrant on the strength of this information and proceeded to the location some 12 to 15 hours later at 4:00 a.m. with several other officers. The officers knocked at defendant's door, defendant came to the door and one officer asked the defendant whether his name was Andy. Defendant replied in the affirmative. The officer then asked his full name. Defendant told him. The officer then asked defendant if the truck in question, which was parked across the street, was defendant's. Defendant said that it was. The officer then informed defendant that he had a warrant to search defendant and the truck, and the warrant was read to defendant. Defendant was asked to step over to the truck with the officers while the search was made. During the course of the search, which lasted 30 to 45 minutes, defendant wandered around in the yard of the house and around the truck. Defendant was arrested and given his *Miranda* warnings when the officers discovered what later proved to be marijuana. The defendant's truck was impounded at the time of his arrest.

[1] Defendant first contends that his statement regarding ownership of the truck should have been suppressed for failure of the police officer to give him a *Miranda* warning.

Defendant relies on the case of *Orozco v. Texas*, 394 U.S. 324, 22 L. Ed. 2d 311, 89 S.Ct. 1095 (1969), as being controlling in this case and vigorously contends *Orozco* is on "all fours" with the present case. We disagree. In the *Orozco* case, defendant was awakened out of a sound sleep in his own bed at 4:00 a.m. by four police officers who sought him in connection with a murder which had been committed four hours earlier at a Dallas cafe. The officers asked the defendant in that case, without giving him any *Miranda* warnings, his name, whether he had been to the cafe, whether he owned a pistol, and where it was located. The defendant gave incriminating answers to all these questions. The Supreme Court held, six to two, Fortas, J.,

not participating, that the use of the defendant's admissions, obtained in the absence of the *Miranda* warnings, violated the self-incrimination clause of the Fifth Amendment, made applicable to the States by the Fourteenth Amendment. Mr. Justice Black's majority opinion was based in large part on the testimony of one of the police officers that from the moment petitioner gave his name he was not free to go where he pleased but was under arrest. This testimony is alluded to in two places in Mr. Justice Black's opinion. In this case, the officers had a warrant for a person named "Andy," at a certain address, to search a certain truck which was owned by "Andy." In order for the officers to serve the warrant, they asked the person who answered the door at the address in question if he was in fact the person upon whom they wished to serve the warrant, and if the truck they wished to search did in fact belong to him. This Court fails to see the need for *Miranda* warnings under these circumstances. If such were the case, innocent persons would have to be hauled to the lock-up and a lawyer obtained for them before the police could determine if they were indeed the parties sought to be served. The evidence was that defendant wandered around in the yard and around the truck, obviously free to leave if he wished. Defendant's first assignment of error is overruled.

By defendant's eighth assignment of error he contends that the court unlawfully seized the truck. The laws of this State provide that vehicles used in the concealment, transportation, etc., of narcotic drugs may be ordered forfeited under the provisions of the statute dealing with vehicles used to transport illegal whiskey. G.S. 90-111.2. G.S. 18-6 provides that such vehicles shall be seized and sold, upon conviction of the person in possession when the violation occurred, and the proceeds given to the public school fund. The statute also provides that *claimant* may prevent his property from being sold if he can prove the vehicle is his own and that it was being used illegally within the meaning of the statute without his knowledge and consent. The statute provides further that claimant shall have the right to have a jury pass upon his claim.

[2] Defendant contends that he has never been afforded his statutory right to have a jury pass upon his claim. We think it abundantly clear that this statute is designed and intended to protect an owner of a vehicle used illegally within the mean-

ing of the statute who is not the person arrested as "in charge thereof" at the time of the arrest for possession or concealment or illegal transportation. We think *State v. Vanhoy*, 230 N.C. 162, 52 S.E. 2d 278 (1949), is controlling. There defendant was charged with and convicted of unlawful transportation of intoxicating liquor. On appeal his conviction was affirmed. The defendant had also excepted to and assigned as error the entry of the order confiscating the automobile used in the unlawful transportation of intoxicating liquor as found by the jury. As to this assignment of error, the Court said:

> "The statute makes it obligatory upon officers, upon discovering any person transporting intoxicating liquor in violation of law, to arrest him and to seize the vehicle being used for such transportation, and authorizes the court, upon the conviction of the offender, to order sale of the vehicle for the benefit of the public school fund, with saving protection for the rights of a claimant of the vehicle who can show that the vehicle was used in the transportation of liquor without his knowledge or consent. G.S. 18-6; 18-48.
>
> Here the defendant admitted ownership of the automobile in which two bottles of nontax-paid whiskey were being transported at the time of his arrest, but denied he had put any liquor in the car or had any knowledge of its presence therein. However, the jury resolved this issue of fact against the defendant and found him guilty of unlawfully transporting intoxicating liquor as charged. It appears therefore that all the essential facts necessary to authorize confiscation of defendant's automobile were before the court, and that the order appealed from was entered thereon in accordance with the statute. *S. v. Hall*, 224 N.C. 314, 30 S.E. 2d 158; *S. v. Maynor*, 226 N.C. 645, 39 S.E. 2d 833. The judgment will be upheld."

This assignment of error is also without merit.

Defendant does not bring forward and argue in his brief the remaining six assignments of error, and they are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

In the trial of this case, we find no error.

Affirmed.

Judges BRITT and PARKER concur.