208 S.E.2d 274 (1974)
23 N.C. App. 83
STATE of North Carolina
v.
John Donald RICHARDSON.
No. 7421SC694.
Court of Appeals of North Carolina.
September 18, 1974.
Certiorari Denied and Appeal Dismissed November 8, 1974.
*275 White & Crumpler by Melvin F. Wright, Jr., and Michael J. Lewis, Winston-Salem, for petitioner appellant.
Atty. Gen. Robert Morgan by Asst. Atty. Gen. George W. Boylan, Raleigh, for the State.
Certiorari Denied and Appeal Dismissed by Supreme Court November 8, 1974.
HEDRICK, Judge.
Petitioner contends the court erred in entering an order forfeiting his vehicle without giving him notice and hearing prior to the order of forfeiture.
Petitioner's vehicle was confiscated pursuant to G.S. § 90-112(a)(4) which subjects the following to forfeiture:
"All conveyances, including vehicles, vessels, or aircraft, which are used or intended for use to unlawfully conceal, convey, or transport, or in any manner to facilitate the unlawful concealment, conveyance, or transportation of property described in (1) or (2) . . .."
G.S. § 90-112(f) provides:
"All conveyances subject to forfeiture under the provisions of this Article shall be forfeited as in the case of conveyances *276 used to conceal, convey, or transport intoxicating beverages."
G.S. § 18A-21 provides for the forfeiture of conveyances used in the illegal transportation of intoxicating liquors. G.S. § 18A-21(a) reads, in part:
"Whenever intoxicating liquor, or equipment or material designed or intended for use in the manufacture of intoxicating liquor, transported or possessed illegally, is seized by an officer, he shall take possession of the vehicle, motor vehicle, water or aircraft, or any other conveyance, and shall arrest any person in charge thereof."
G.S. § 18A-21(b) reads, in part:
"Unless the claimant can show that the vehicle or other conveyance seized is his property and that it was used in transporting liquor, or equipment or materials designed or intended for use in the manufacture of intoxicating liquor, without his knowledge and consent, with the right on the part of the claimant to have a jury pass upon his claim, the court shall order a sale by public auction of the property seized."
G.S. § 90-113.1(a) provides:
"It shall not be necessary for the State to negate any exemption or exception set forth in this Article in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Article, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit."
Thus, North Carolina law subjects a vehicle which is found to have been used in the illegal transportation of narcotic drugs to immediate forfeiture. Forfeiture may be defeated if the claimant can show the illegal use occurred without his knowledge or consent, with the claimant having the right to have a jury pass upon his claim. See, State v. McPeak, 243 N.C. 273, 90 S.E.2d 505 (1955) and State v. O'Hora, 12 N.C.App. 250, 182 S.E.2d 823 (1971), which construe former similar statutory provisions. The burden is statutorily placed upon the claimant to show the absence of consent or knowledge. G.S. § 18A-21(b); G.S. § 90-113.1(a).
The North Carolina vehicle forfeiture statute admittedly does not provide for notice or hearing prior to the seizing of the vehicle. It does, however, provide for notice and an opportunity to be heard subsequent to seizure. G.S. § 18A-21(c).
Although the general rule is that procedural due process requires notice and an opportunity to be heard before there can be a denial of any vested property right or interest, courts have consistently upheld statutes that provide for the immediate seizure or forfeiture of vehicles that have been used in violation of the law. See, United States v. Mills, 440 F.2d 647 (6th Cir. 1971), cert. denied, 404 U.S. 837, 92 S.Ct. 127, 30 L.Ed.2d 70 (1971); Weathersbee v. United States, 263 F.2d 324 (4th Cir. 1958); Fell v. Armour, 355 F.Supp. 1319 (M.D.Tenn.1972); C.I.T. Corporation v. Burgess, 199 N.C. 23, 153 S.E. 634 (1930). Consequently, this assignment of error is found to be without merit.
The petitioner next contends the court erred in finding as a fact that the petitioner, Stephen Eli Richardson, was aware that his son had been operating the automobile with marijuana in it on 2 March 1973.
"The court's findings of fact are conclusive if supported by any competent evidence and judgment supported by such findings will be affirmed, even though there is evidence contra or even though some incompetent evidence may also have been admitted." 1 Strong, N.C. Index 2d, Appeal and Error, Section 57, pp. 223-224 (footnotes omitted)
The record supplies sufficient, competent evidence indicating that petitioner was aware of the 2 March 1973 search of the Volkswagen and the results of that search. When asked by the District Attorney on cross-examination as to whether he was *277 aware that his son had been picked up on 2 March 1973 driving the Volkswagen with marijuana in it, petitioner responded: "[H]ow much marijuana did they find in it? I didn't know it. I knew they found a piece of paper, burnt paper in there." Further testifying as to the 2 March 1973 search, the petitioner testified: "Now, this officer, what he is talking about is, they found eleven seeds and a piece of paper that you couldn't weigh and he is calling it marijuana. Well it wasn't marijuana seed." Continuing, petitioner testified: "That is where they found the marijuana seed there in the back. They didn't even find enough marijuana that they could weigh."
Thus, as shown above, the record amply supports the trial court's finding that petitioner knew that his son had been operating the Volkswagen in question with marijuana in it on 2 March 1973. Therefore, it is our opinion that the finding of fact challenged by this exception is supported by the evidence; and this assignment of error is overruled.
The petitioner next contends the trial court erred in concluding as a matter of law that the petitioner's 1970 Volkswagen was used in violation of G.S. § 90-112(a)(4) with the implied knowledge and consent of the petitioner. We do not agree.
As pointed out before in this opinion, the burden was on the petitioner to show that the vehicle in question was being used for the illegal transportation or concealment of narcotics without his knowledge and consent. This was a question of fact to be decided by the court or a jury. The court, by its findings and conclusions obviously decided that the petitioner had failed to carry the burden of proof. The findings of fact made by the trial judge are supported by the evidence in the record, and the findings support the conclusion that petitioner's son operated the motor vehicle "in violation of North Carolina General Statutes § 90-112(a)(4) with the implied knowledge and consent of the petitioner, Stephen Eli Richardson."
We point out that G.S. § 18A-21(b) specifically provides that the claimant (petitioner) has the right to have a jury pass on his claim. However, in the instant case, no demand was made for a jury trial nor did petitioner object or except to the court's trying the issue.
Petitioner has additional assignments of error which we have carefully considered and find to be without merit. The order appealed from is
Affirmed.
BRITT and BALEY, JJ., concur.