State v. Cogdell

STATE OF NORTH CAROLINA v. NATHAN GLENN COGDELL

No. 751SC248

(Filed 2 July 1975)

1. **Criminal Law §§ 87, 89— transcript of interrogation — refreshing recollection — use in cross-examination**

   The trial court did not err in allowing a police chief to refresh his memory by referring to a transcript of an interrogation of defendant at the police station or in allowing the solicitor to use the transcript to cross-examine defendant as to prior inconsistent statements without first giving defendant an opportunity to read the transcript.

2. **Criminal Law § 89— credibility of witness — possession or use of narcotics**

   The trial court in an armed robbery case did not err in permitting the district attorney to ask a defense witness whether he had ever used or possessed controlled substances.

APPEAL by defendant from *Cohoon, Judge.* Judgment entered 10 December 1974 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 9 June 1975.

Defendant was indicted on a charge of armed robbery. He pleaded not guilty and was tried before a jury.

The victim, William Alexander, testified that he was alone in his grocery store about 11:00 a.m. on 31 March 1973 when defendant entered, displayed what appeared to be a pistol, and demanded money. Defendant pushed Alexander to the floor and said, "If you get up, I am going to shoot you." He then removed some $50.00 from the cash register and left the store.

Defendant denied participating in the robbery or ever having been in Alexander's store. He testified that he was with friends on the campus of Elizabeth City State University from approximately 10:30 a.m. until shortly afternoon on the day in

---

State v. Cogdell

---

question. He offered testimony from four corroborating witnesses.

The jury found defendant guilty of common law robbery. From judgment imposing a sentence of 8 to 10 years' imprisonment, he appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General W. A. Raney, Jr., for the State.*

*John H. Harmon for defendant appellant.*

ARNOLD, Judge.

[1] Defendant objects to the District Attorney's cross-examining him from a transcript of interrogation at the police station. He contends that it was unfair to allow the police chief to testify from the transcript while refusing to allow defendant to do the same. This contention is without merit.

It is well settled that a witness may refresh his recollection from a memorandum prepared by him or in his presence. 1 Stansbury, N. C. Evidence (Brandis rev.) § 32. It is equally clear that a witness may be impeached by proof of prior inconsistent statements. *State v. McPeak,* 243 N.C. 273, 90 S.E. 2d 505 (1955) ; *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773 (1954). Chief Owens was testifying on direct examination while defendant was being cross-examined with respect to his alibi defense. The court's rulings on the use of the transcript therefore were not error.

[2] Defendant further objects to the District Attorney's asking a defense witness, Leon Thomas, whether he had ever used or possessed controlled substances. He contends that anything which discredited the witness also discredited his case, and, of course, he is correct. Nevertheless, it is fundamental that on cross-examination a witness may be impeached by inquiry into specific acts of misconduct. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1971) ; *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). *See generally* 1 Stansbury, *supra,* § 42. The scope of cross-examination rests in the discretion of the trial judge, which in the instant case was not abused.

Defendant has received a fair trial free from prejudicial error.

No error.

Judges MARTIN and CLARK concur.