STATE OF NORTH CAROLINA v. TIMOTHY MEYERS (IN THE MATTER OF A 1978 MERCURY MARQUIS COUPE AUTOMOBILE ON PETITION OF PASQUALE MORGIGNO)

No. 794SC950

(Filed 18 March 1980)

Narcotics § 6— car used to transport narcotics—forfeiture—no knowledge of such use by owner

Petitioner carried his burden of proving that he did not know and had no reason to believe that his car was being used by two other persons to transport controlled substances, and petitioner was therefore entitled to the return of his car which had been seized by the sheriff's department because of its use to transport the controlled substances, where the only evidence before the court on the issue of petitioner's knowledge was petitioner's testimony that he was in jail when his car was used to transport controlled substances; after being jailed, petitioner gave his car to his friend and told him to deliver his car to his attorney; petitioner did not know and had never met the two persons who transported narcotics in his car; petitioner did not authorize such use of his car; and petitioner did not know until approximately a week after the car was seized that it had been used in violation of the narcotics laws.

APPEAL by petitioner, Pasquale Morgigno, from *Bruce, Judge*. Order entered 4 June 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals on 4 March 1980.

This proceeding was instituted on the motion of the petitioner, Pasquale Morgigno, for the return of his 1978 Mercury Marquis automobile which he alleged had been seized by and was in the possession of the Onslow County Sheriff's Department. At a hearing on the motion before Judge Bruce, the State offered the testimony of William K. Stewart, an undercover agent with the narcotics division of the Onslow County Sheriff's Department,

who testified in substance that he had participated in the apprehension of Timothy Mosley and Timothy Meyers for possession with intent to sell quaaludes; that Mosley and Meyers had arrived near the scene of their subsequent arrests in a 1978 Mercury Marquis, which was later identified as belonging to the petitioner; and that he had seen Meyers take a paper bag containing quaaludes out of the trunk of the car and, after counting out the quantity of pills to be sold, put the remainder of the pills back into the trunk. Following the arrests of Meyers and Mosley, the car was impounded by the Sheriff's Department.

Petitioner testified that he was "from New York City"; that he was the owner of the subject automobile; but that on 23 April 1979, the date the car was seized, he was in jail in Wilmington, North Carolina, and "didn't have any idea" that his car was being used by Mosley and Meyers. He said that, when he was jailed on 20 April 1979, he called Richard Marino, a co-defendant in the case in Wilmington, gave Marino the keys to the car, and told him to drive the car to Jacksonville, North Carolina, and "turn it over" to his [petitioner's] attorney. He did not authorize Marino "to do anything to my car except drive it to Jacksonville and turn it over" to his lawyer. Petitioner did not find out that his car had been seized until he was released from jail on 30 April 1979. He testified that he did not know Marino was "loaning [his] car out to anyone else"; that he did not know and had never met Mosley and Meyers; and that he had never authorized them to use his car.

At the close of the evidence, Judge Bruce made the following findings of fact:

1. That the 1978 Mercury Marquis Coupe in question was seized by officers of the Onslow County Sheriff's Department on April 23, 1979 at which time it was being used to transport controlled substances.

2. That two defendants, Timothy Earl Moseley [sic] and Timothy Dwaine Myers [sic] were charged with having transported the controlled substances in said 1978 Mercury and have been finally convicted and are now in custody of the North Carolina Department of Correction.

3. That the 1978 Mercury Marquis Coupe automobile is now in the possession of the Sheriff of Onslow County.

4. That the Movant, Pasquale Morgigno, is the owner of the 1978 Mercury Marquis Coupe in controversy here.

From these findings he concluded, *inter alia*, that petitioner "has failed to show by the greater weight of the evidence that he had no reason to believe that the 1978 Mercury Marquis Coupe would be used in violation of the laws of the State of North Carolina relating to controlled substances." From a judgment ordering the car sold and the proceeds from the sale turned over to the Onslow County Auditor to be disbursed to the Onslow County Board of Education, petitioner appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Jeffrey S. Miller for the petitioner appellant.*

HEDRICK, Judge.

Among other things petitioner argues on appeal that to allow the forfeiture of his car under the circumstances of this case will result in a deprivation of his property without due process of law. He bases this argument on his observation that the "undisputed" evidence of record "shows that he did not know Timothy Meyers or Timothy Mosley and never authorized them to use his car for any purpose whatsoever."

While our statutes authorize the immediate forfeiture of vehicles used in the illegal transportation of controlled substances, *see* G.S. §§ 90-112 and 18A-21, the power is not absolute. "Forfeiture may be defeated if the claimant can show the illegal use occurred without his knowledge or consent, with the claimant having the right to have a jury pass upon his claim." *State v. Richardson*, 23 N.C. App. 33, 36, 208 S.E. 2d 274, 276, *cert. denied*, 286 N.C. 213, 209 S.E. 2d 317 (1974). *See also State v. McPeak*, 243 N.C. 273, 90 S.E. 2d 505 (1955); *State v. O'Hora*, 12 N.C. App. 250, 182 S.E. 2d 823, *appeal dismissed*, 279 N.C. 513, 183 S.E. 2d 690 (1971); *Annot.*, 50 A.L.R. 3d 172, 189 (1973 & Supp. 1979). That means simply that the claimant is entitled to have the fact-finder, whether court or jury, determine the essential issue in a forfeiture proceeding, namely: Was his vehicle being used illegally to transport controlled substances *without* his knowledge

or consent? The burden is on the claimant to prove to the fact-finder "that he had no knowledge, or reason to believe, that [the vehicle] was being or would be used in the violation of laws of this State relating to controlled substances. . . ." G.S. § 90-112.1 (b) (1979 Cum. Supp.). If the claimant carries this burden, he is entitled to the return of his vehicle. G.S. § 90-112.1(c) (1979 Cum. Supp.).

In the present case Judge Bruce purported to determine the question of the petitioner's knowledge of or consent to the illegal use of his car by Meyers and Mosley when he concluded that the petitioner had "failed to show by the greater weight of the evidence that he had no reason to believe" that his car would be used in violation of our laws. However, this confusingly-phrased "conclusion" fails to determine the essential issue in at least two crucial respects: First, the conclusion is not supported by the meager findings of fact. The court's findings that the automobile was seized while being used to transport controlled substances; that Meyers and Mosley were convicted of transporting the same; that the car is presently in the possession of the Onslow County Sheriff's Department; and that the car belongs to the petitioner, do not lead in any conceivable way to the conclusion that petitioner has failed to carry his burden to show lack of knowledge. The court has made no attempt to enter any findings with respect to the petitioner's knowledge of the purpose for which his car was being used. But, factual determinations concerning what he knew, or had reason to believe, or to what uses of his vehicle he actually or impliedly consented, *must* be made before the fact-finder can answer the essential issue and before it can conclude that the petitioner has failed to carry his burden. *See State v. Richardson, supra.*

Perhaps the reason the court's findings prove so deficient results from the total lack of evidence from which findings to support such a conclusion could be made. All the evidence in this case dictates the contrary conclusion. This is the second and most significant infirmity of the conclusion entered by Judge Bruce. The uncontradicted testimony of the petitioner is that he entrusted his car to Marino, who, from the record before us, has not been linked in any respect to the transaction between Officer Stewart on the one side, and Meyers and Mosley on the other; that petitioner was in jail in Wilmington when Meyers and

Mosley used his car to transport quaaludes; that he did not know and had never met those two individuals; and that he had not authorized such a use of his car, nor did he know until approximately a week after the vehicle was seized, that it had been used in violation of the narcotics laws. The only permissible conclusion to be drawn from his testimony, which we emphasize is the only evidence on the essential issue of knowledge, is that the petitioner has carried his burden of proving that he did not know and had no reason to believe that his car was being used by Meyers and Mosley to transport controlled substances. It follows that he was entitled to the return of his car. G.S. § 90-112.1(c) (1979 Cum. Supp.).

The record discloses, however, that, subsequent to the entry of the order of forfeiture, the parties agreed to the sale of the car, and an Order of Sale was thus entered on 13 July 1979. In that Order Judge Bruce directed that the proceeds of the sale which remained after the deduction of certain expenses, be held by the Clerk of Superior Court of Onslow County pending the outcome of this appeal. We hold that the petitioner is now entitled to those proceeds.

For the reasons stated, the judgment is reversed, and the cause is remanded to the Superior Court for the entry of an Order releasing the proceeds of the sale of the automobile to petitioner.

Reversed and remanded.

Judges WEBB and WELLS concur.