STATE OF NORTH CAROLINA v. TIMOTHY ALLEN MORRIS, Defendant

No. 903SC695

(Filed 18 June 1991)

1. **Jury § 1 (NCI3d); Narcotics § 6 (NCI3d) — remission of vehicle forfeiture — no right to jury trial**

There is no right to a jury trial of a claim under N.C.G.S. § 90-112.1 for remission of forfeiture of a vehicle used in violation of the controlled substances laws.

**Am Jur 2d, Forfeitures and Penalties § 44.**

2. **Narcotics § 6 (NCI3d) — remission of vehicle forfeiture — interest in vehicle — knowledge of illegal use — value of interest**

The evidence did not support the trial court's determination that a claimant for remission of a seized vehicle under N.C.G.S. § 90-112.1 did not have an interest in the vehicle acquired in good faith prior to the seizure where all the evidence showed that title had been transferred to the claimant under N.C.G.S. § 20-72(b) at the time the vehicle was seized, and claimant's evidence showed that he paid for the vehicle and transferred title to defendant only upon condition that defendant reimburse him for part of the purchase price, and that defendant's failure to make any payments to claimant was the sole reason claimant again acquired the title. On remand, the trial court must make findings with respect to claimant's knowledge or reasonable belief as to the use of the vehicle in violation of the controlled substances laws and the value of claimant's interest in the vehicle.

STATE v. MORRIS

[103 N.C. App. 246 (1991)]

**Am Jur 2d, Forfeitures and Penalties § 49.**

**Supreme Court's views as to due process requirements of forfeitures. 76 LEd 2d 852.**

APPEAL by claimant from order entered 9 February 1990 by *Judge William C. Griffin, Jr.*, in PITT County Superior Court. Heard in the Court of Appeals 18 January 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General G. Lawrence Reeves, Jr., for the State.*

*James Hite Avery Clark & Robinson, by Leslie S. Robinson, for claimant-appellant.*

PARKER, Judge.

Claimant's son, defendant Timothy Allen Morris, was convicted of three felonies, possession with intent to sell or deliver in excess of one and one-half ounces of marijuana, conspiracy to sell in excess of one and one-half ounces of marijuana, and conspiracy to deliver one and one-half ounces of marijuana. These and other charges against defendant arose from incidents which occurred 2 May 1989. When defendant was arrested on that day, law enforcement officers also seized the black 1985 Ford Mustang automobile he was driving.

[1] Claimant moved for the return of the car, citing N.C.G.S. § 90-112.1; but his motion was denied and he appealed to this Court. Claimant first contends the trial court erred in denying his motion for a jury trial. Claimant argues he was entitled to a jury trial by article I, section 25, of the North Carolina Constitution; *State v. Meyers*, 45 N.C. App. 672, 263 S.E.2d 835 (1980); and *State v. Richardson*, 23 N.C. App. 33, 208 S.E.2d 274, *cert. denied*, 286 N.C. 213, 209 S.E.2d 317 (1974).

The right to trial by jury as provided for by article I, section 25, of the North Carolina Constitution applies only to cases in which the prerogative existed at common law or was procured by statute at the time the Constitution was adopted. The right does not apply to cases in which a right and remedy were thereafter created by statute. *See McInnish v. Board of Education*, 187 N.C. 494, 496, 122 S.E. 182, 183 (1924); *Groves v. Ware*, 182 N.C. 553, 558, 109 S.E. 568, 571 (1921). "[T]he relevant date for determining the scope of the constitutional right to jury trial in civil cases

is the date of adoption of the 1868 Constitution." *N.C. State Bar v. DuMont*, 304 N.C. 627, 641, 286 S.E.2d 89, 97 (1982). Recently the North Carolina Supreme Court held that since no right to bring an action for equitable distribution of marital property existed prior to the adoption of N.C.G.S. §§ 50-20 and -21, there is no right to trial by jury for such an action under the Constitution of North Carolina; and the language of these statutes creates no new right to trial by jury. *Kiser v. Kiser*, 325 N.C. 502, 511, 385 S.E.2d 487, 492 (1989).

In *State v. Richardson*, this Court observed that under N.C.G.S. § 90-112(f), the rules and procedures for forfeiture in alcohol-related cases govern procedures for forfeiture in drug-related cases as well. Because N.C.G.S. § 18A-21(b) afforded claimants in alcohol-related forfeiture cases the right to a jury trial, claimants in drug-related forfeiture cases had the same right. *Richardson*, 23 N.C. App. at 35-36, 208 S.E.2d at 275-76. *Meyers* reiterated that the right to trial by jury in drug-related forfeiture cases was based on N.C.G.S. § 18A-21(b). *Meyers*, 45 N.C. App. at 674, 263 S.E.2d at 837.

Legislation providing for the forfeiture of conveyances used to facilitate violation of alcohol control laws was first enacted in 1915. 1915 N.C. Sess. Laws c. 197, s. 1. A sheriff was authorized to seize and take into custody any conveyance used to transport spirituous, vinous or malt liquors. C.S. 3403 (1919). If the owner or party in possession was not captured or arrested, the sheriff was to advertise for the owner to come forward, institute proceedings to secure possession of the property, and if the owner failed to come forward within thirty days, advertise the property for sale. C.S. 3404 (1919). After paying reasonable expenses of the sale, proceeds were to be paid by the sheriff to the county treasurer to be applied to the credit of the county public school fund. C.S. 3405 (1919).

The 1923 General Assembly amended the Prohibition forfeiture law to bring it into conformity with national law. 1923 N.C. Sess. Laws c. 1, s. 6. Consolidated Statute 3411(f) granted to an innocent party the right to have a jury pass on his claim of ownership and lack of knowledge and consent that his property was used in transporting liquor. C.S. 3411(f) (1924). This right to jury trial was procured by statute and did not exist at common law or under any statute in 1868. The statutory right was preserved through

succeeding revisions of C.S. 3411(f). *See* N.C.G.S. § 18A-21(b) (1971 Cum. Supp.). However, after *Meyers* was decided the legislature repealed Chapter 18A, including N.C.G.S. § 18A-21, and enacted Chapter 18B, effective 1 January 1982. 1981 N.C. Sess. Laws c. 412, s. 2.

Alcohol-related forfeitures are now controlled by N.C.G.S. § 18B-504, which contains no provision explicitly granting a jury trial. Instead, the plain language of section 18B-504 indicates the legislature intended judges alone should pass on whether a claimant to an interest in seized property is entitled to relief:

> (h) Innocent Parties.—At any time before forfeiture is ordered, an owner of seized property or a holder of a security interest in seized property, other than the defendant, may apply to protect his interest in the property. The application may be made to any judge who has jurisdiction to try the offense with which the property is associated. If the judge finds that the property owner or holder of a security interest did not consent to the unlawful use of the property, and that the property may be possessed lawfully by the owner or holder, the judge may order [as follows].

N.C.G.S. § 18B-504 (1989). We conclude that because the statutory right to trial by jury in alcohol-related forfeiture cases has been repealed, *Richardson* and *Meyers* are no longer authority for a right to trial by jury in a proceeding for remission of forfeiture under N.C.G.S. § 90-112.1.

Moreover we also note that a comparison of N.C.G.S. § 90-112.1, enacted in 1975, and N.C.G.S. § 18B-504 discloses that application of the provisions of N.C.G.S. § 18B-504 to drug-related forfeitures is limited in scope, inasmuch as certain provisions in the two statutes cover the same substantive questions. While reference to N.C.G.S. § 18B-504, pursuant to N.C.G.S. § 90-112(f), is still necessary in drug-related forfeiture proceedings to determine (i) when forfeiture occurs as to certain drug-related property subject to forfeiture and (ii) when an innocent person must apply for remission of forfeiture, the elements of proof under N.C.G.S. § 90-112.1(b) are different from those specified in N.C.G.S. § 18B-504(h) for alcohol-related forfeiture.

In any proceeding in court for a forfeiture under N.C.G.S. § 90-112 of any conveyance seized for a violation of Article 5 of

the Controlled Substances Act, the court shall have exclusive jurisdiction to remit the forfeiture. N.C.G.S. § 90-112.1(a) (1990). In any such proceeding the court shall not allow the claim of any claimant for remission unless and until he proves that (i) he has an interest in such conveyance, as owner or otherwise, which he acquired in good faith; (ii) he had no knowledge or reason to believe the conveyance was being or would be used in the violation of laws relating to controlled substances; and (iii) his interest in the conveyance is in an amount in excess of or equal to the fair market value of such conveyance. N.C.G.S. § 90-112.1(b) (1990). If the court in its discretion allows the remission, the conveyance shall be returned to the claimant. N.C.G.S. § 90-112.1(c) (1990). If the court should determine that the conveyance should be held for purposes of evidence, it may order the vehicle to be held until the case is heard. N.C.G.S. § 90-112.1(d) (1990).

We are unable to discern from this language or the language of section 90-112 any legislative intent to grant the right of trial by jury to a claimant for remission of forfeiture. On the contrary, the plain words of section 90-112.1 suggest that an application for remission of forfeiture in drug-related cases is to be heard by the court only.

In sum, the right to trial by jury on applications for remission of forfeiture in alcohol-related cases did not exist at common law or pursuant to statute in 1868. General Statute 18B-504 does not preserve the right to trial by jury, and neither N.C.G.S. § 90-112 nor § 90-112.1 creates a right to trial by jury. We, therefore, hold that no such right exists and the trial court did not err in denying claimant's motion for trial by jury.

[2] Claimant's second and final contention is that the trial court erred in ordering the forfeiture of the conveyance because there was no competent evidence to support the facts as found and thus the findings do not support the court's conclusions of law. We agree.

At the hearing on an application for remission of forfeiture the trial court considers only three issues, namely the claimant's interest in the conveyance acquired in good faith, his knowledge or reasonable belief as to the unlawful use of the conveyance, and the value of his interest. N.C.G.S. § 90-112.1(b) (1990).

To assign or transfer title or interest in a motor vehicle, the owner must execute, in the presence of a person authorized to

administer oaths, an assignment and warranty of title on the reverse of the certificate of title in form approved by the North Carolina Division of Motor Vehicles. The assignment must include the name and address of the transferee, and no title shall pass or vest until such assignment is executed and the motor vehicle delivered to the transferee. N.C.G.S. § 20-72(b) (1989). Every purchaser of a vehicle previously registered shall make application for transfer of title within twenty days after acquiring the vehicle, and responsibility for such transfer shall rest on the purchaser. N.C.G.S. § 20-74 (1989). "Title" as used in section 20-72(b) is synonymous with "ownership"; and as to the transfer of ownership of a motor vehicle, section 20-72(b) prevails over the Uniform Commercial Code. *Insurance Co. v. Hayes*, 276 N.C. 620, 630, 640, 174 S.E.2d 511, 517, 524 (1970). There is no longer a requirement under the Motor Vehicle Act "that a purchaser apply for a new certificate of title before title may pass or vest." *N.C. National Bank v. Robinson*, 78 N.C. App. 1, 5, 336 S.E.2d 666, 669 (1985).

Claimant's evidence showed title to the 1985 Mustang automobile was originally in the name of claimant. State's evidence showed that from 6 February 1989 until 24 April 1989, title was in the name of defendant. State's Exhibit 1, a North Carolina certificate of title, showed further that on 24 April 1989 defendant transferred title to the vehicle to claimant and on that same date claimant made application to the North Carolina Department of Motor Vehicles for transfer of title and registration by paying the required fees. Claimant's evidence showed the actual issue date of the title under which he claimed ownership was 9 May 1989.

The relevant findings of the trial court included the following:

11. Record title to said Mustang automobile at the time of the seizure of said Mustang automobile was still in the name of [defendant].

12. There is a record indication that the transfer or that the re-transfer of title was made by [defendant] to [claimant] on April 24, 1989, prior to the date of seizure.

13. There was insufficient evidence presented to satisfy the Undersigned that the transfer of record title to [claimant] took place prior to the seizure of said Mustang automobile.

STATE v. MORRIS

[103 N.C. App. 246 (1991)]

14. In any event, [defendant] was the beneficial owner of said Mustang automobile notwithstanding any question of record title.

These findings are not supported by the evidence. Instead, all the evidence showed that at the time the conveyance was seized, title had as a matter of law been transferred to claimant under N.C.G.S. § 20-72(b). In addition, claimant's evidence showed he paid for the vehicle and transferred title to defendant only upon condition that defendant reimburse him for part of the purchase price. Further, defendant's failure to make any payments to claimant was the sole reason claimant again took possession of title. We, therefore, conclude the evidence does not support the court's conclusion that at the time of seizure claimant did not have an interest in the conveyance acquired in good faith.

Having determined claimant had no interest in the conveyance, the trial court made no findings with respect to claimant's knowledge or reasonable belief as to the use of the conveyance in violation of the controlled substances laws or the value of claimant's interest in the conveyance, factors which a claimant must also prove under N.C.G.S. § 90-112.1(b). These statutory requirements raise questions of credibility for resolution by the finder of fact.

For the reasons stated herein, the decision below is vacated and the matter remanded for a new hearing.

Vacated and remanded.

Judges COZORT and GREENE concur.