STATE OF NORTH CAROLINA v. NORMA SUE HONAKER

No. 9221SC477

(Filed 20 July 1993)

1. **Judges, Justices, and Magistrates § 26 (NCI4th)— statement by trial judge—recollection by attorney—insufficient to require recusal**

    The trial judge did not err by failing to recuse himself from an automobile forfeiture hearing where defendant produced no evidence of bias other than her attorney's recollection that the judge had made the statement "that car is gone" when the State moved for forfeiture, and the trial judge stated that he did not recall making the statement. Defense counsel's recollection of the statement was not substantial evidence that might reasonably call the court's objectivity into question.

    **Am Jur 2d, Judges §§ 86 et seq.**

    **Disqualification of federal judge, under 28 USC § 144, for acts and conduct occurring in courtroom during trial or in ruling upon issues or questions involved. 2 ALR Fed 917.**

2. **Constitutional Law § 129 (NCI4th); Narcotics, Controlled Substances, and Paraphernalia § 48 (NCI4th)— remission of vehicle forfeiture—no right to jury trial**

There is no right to a jury trial of a claim under N.C.G.S. § 90-112.1 for remission of forfeiture of a vehicle used in violation of the controlled substances laws. Such a claim is in essence a civil action governed by Article I, Section 25 of the N.C. Constitution rather than a criminal case for which Article I, Section 24 guarantees the right to a jury trial.

**Am Jur 2d, Jury §§ 10, 51, 52.**

**Distinction between petty and serious offenses for purposes of federal constitutional right to trial by jury—Supreme Court cases. 103 L. Ed. 2d 1000.**

3. **Narcotics, Controlled Substances, and Paraphernalia § 42 (NCI4th)— vehicle used in felony—forfeiture—sufficiency of evidence**

The trial court's determination that defendant's vehicle was used in a felony and was subject to forfeiture under N.C.G.S. § 90-112 was supported by (1) the testimony of defendant's husband that he alone was involved in trafficking in cocaine and that he had previously pled guilty to certain drug offenses, including maintaining defendant's car for the purpose of violating the Controlled Substances Act, and (2) evidence that the husband used defendant's vehicle while carrying a backpack containing a large amount of cash and checks, since this evidence was sufficient to support an inference that defendant's husband was carrying proceeds from his drug transactions when he used defendant's car.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 27.25.**

**Forfeitability of property held in marital estate under Uniform Controlled Substances Act or similar statute. 84 ALR4th 620.**

4. **Narcotics, Controlled Substances, and Paraphernalia § 42 (NCI4th)— forfeiture of vehicle—sufficiency of findings**

The trial court's findings in a vehicle forfeiture proceeding were an adequate substitute for the simple required finding on whether defendant had "knowledge, or reason to believe that . . . [her vehicle] was being used or would be used in

violation of the laws of this State relating to controlled substances." N.C.G.S. § 90-112.1(b).

**Am Jur 2d, Drugs, Narcotics, and Poisons § 27.25.**

**Forfeitability of property held in marital estate under Uniform Controlled Substances Act or similar statute. 84 ALR4th 620.**

Appeal by defendant from order entered 21 November 1991, by Judge Thomas W. Seay, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 13 April 1993.

A Forsyth County grand jury indicted defendant on charges of possession with the intent to traffic in cocaine, conspiracy to traffic in cocaine, and the lesser included misdemeanor of maintaining a building for keeping and selling controlled substances. The jury returned verdicts acquitting defendant of the first two charges and finding her guilty of the third. Subsequent to the judgment suspending sentence, defendant filed a petition, pursuant to N.C. Gen. Stat. § 90-112.1 (1990), seeking the return of her automobile which was seized in the course of defendant's arrest. The trial court entered an order directing that, pursuant to N.C. Gen. Stat. § 90-112 (1990), the automobile be forfeited to the Forsyth County Sheriff's Department. From that order, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for the State.*

*Dean B. Rutledge for defendant appellant.*

McCRODDEN, Judge.

Defendant presents for our review three arguments which raise these issues: (I) whether the trial judge prejudged the forfeiture of defendant's automobile and should, therefore, have recused himself; (II) whether the trial court erred in denying defendant's motion for trial by jury of the forfeiture question; and (III) whether the trial court erred in ordering forfeiture of defendant's automobile where (a) the vehicle was not used in the commission of a felony, (b) the evidence was insufficient to show that defendant's vehicle was used in a violation of N.C.G.S. § 90-112, and (c) the trial court did not include findings with respect to defendant's knowledge and reasonable belief about the illicit use of the vehicle. We have reviewed defendant's arguments and affirm the trial court's order.

I

[1]  Defendant first argues that the trial judge erred by failing to recuse himself. When the State made the motion to forfeit defendant's property, including the vehicle, the trial court stated "that car is gone." Defendant asserts that this statement indicates that the court had prejudged the matter and was biased against defendant. We find no merit in this argument.

In criminal proceedings, N.C. Gen. Stat. § 15A-1223 (1988) governs the issue of disqualification of judges. That statute provides, in pertinent part:

(b) A judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal trial or other criminal proceeding if he is:

(1) [p]rejudiced against the moving party or in favor of the adverse party . . . .

N.C.G.S. § 15A-1223.

Upon a motion that a judge recuse himself, the burden is upon the movant to "demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially." State v. Fie, 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987) (citation omitted). Hence, a party moving for recusal must produce substantial evidence that the judge's impartiality may reasonably be questioned.

In the case at hand, at the hearing on the motion to recuse, defendant produced no evidence of any bias other than her attorney's recollection that the judge had made the statement that "that car is gone." Appellant did not offer the transcript of the hearing which contained the further statement of the trial judge, upon defense counsel's interjection, that, "of course I will give you an opportunity to be heard. I don't ever mean to cut anybody off." The judge stated that he did not recall making the statement that "that car is gone" at the hearing on the State's motion to forfeit. We do not believe that defense counsel's recollection of the statement, which the trial judge did not remember making and which was only a partial recollection of the judge's remarks,

was substantial evidence that might reasonably call the court's objectivity into question. This assignment of error is overruled.

## II

[2] Appellant next argues that the court erred in denying her motion for trial by jury. In *State v. Morris*, 103 N.C. App. 246, 405 S.E.2d 351 (1991), this Court explicitly held that there is no right to a jury trial in actions under N.C.G.S. § 90-112.1. Appellant urges us to find that she was entitled to a trial by jury, notwithstanding our opinion in *Morris*. Appellant argues that the *Morris* Court mistakenly found that the right was governed by Article 1, Section 25 of the North Carolina Constitution which pertains to civil cases, and mandates trial by jury only for those actions that were recognized at the time of the ratification of the Constitution, instead of Article 1, Section 24 which guarantees the right to a jury trial in criminal cases. Appellant asserts that remission proceedings under Section 90-112.1 are in the nature of criminal actions. We do not agree. An action under Section 90-112.1 is in the nature of an action for replevin. It is in essence a civil action and, as such, the right to a jury trial, if any, is governed by Article 1, Section 25 of the North Carolina Constitution. Thus, under *Morris*, appellant was not entitled to a trial by jury for her remission action.

## III

[3] Finally, defendant argues that the court erred in ordering the forfeiture for three reasons. The first two reasons are that the record is devoid of any evidence sufficient to support findings that (a) the vehicle was used in a felony and (b) it was used in violation of Section 90-112.

The record reflects the following evidence. Defendant's apartment was searched pursuant to a search warrant that also provided for the search of two cars, including defendant's 1985 Ford Escort. In the course of the search of the apartment, police officers discovered $100.00 in cash, $288.00 in food stamps, about 22 grams of crack cocaine, about six and a half grams of cocaine, a small leather bag containing drug paraphernalia, several sets of scales, and an unspecified amount of Inositol, a white, powdery food substitute.

A short while after the search had begun, defendant's husband returned to the apartment, carrying a backpack. In the backpack, officers found $4,939.00 in cash, several checks, some of which were

blank, a leather bag containing jewelry, bank statements, credit cards, and a key to a safety deposit box.

The safety deposit box had been leased by defendant, at her husband's request, and contained $22,568.00 in cash.

Defendant testified, denying any knowledge of her husband's involvement with cocaine and any personal involvement with cocaine. She stated, however, that she had given her husband permission to drive her car.

Defendant's husband testified that he alone was involved with trafficking in cocaine and that he had previously pleaded guilty to trafficking in cocaine, conspiracy to traffic in cocaine, maintaining a dwelling for the purpose of violating the Controlled Substances Act, and maintaining defendant's car for the purpose of violating the Controlled Substances Act.

We conclude that the husband's testimony concerning his guilty pleas and his use of the defendant's vehicle while carrying a backpack containing a large amount of cash and checks were adequate to support a finding that defendant's husband was carrying proceeds from his drug transactions when he drove up in appellant's vehicle. Thus, the court's findings that the vehicle was used in the commission of a felony and that, pursuant to Section 90-112, it was subject to forfeiture, were not in error.

[4] Defendant's third argument that the trial court's findings of fact were inadequate to support the order is based upon the court's failure to make a finding of fact as to appellant's knowledge, or reason to know, of her husband's use of the vehicle in relation to a felony violation of the Controlled Substances Act. We agree that, under this Court's interpretation of Section 90-112.1(b), the trial court must find, among other things, whether the defendant had "knowledge, or reason to believe, that . . . [the forfeited item] was being used or would be used in the violation of laws of this State relating to controlled substances . . . ." We conclude, however, that the trial court's findings, although not in the language of the statute, were sufficient on this issue to support the order of forfeiture.

State v. Meyers, 45 N.C. App. 672, 263 S.E.2d 835 (1980), involved the seizure of petitioner's automobile which had been used, unbeknownst to petitioner, by two men whom petitioner did not know and who were subsequently convicted of drug-related felonies.

The trial court found only that the car was used in violation of the Controlled Substances Act and that petitioner owned the vehicle. Based on those findings, the trial court concluded that the petitioner had failed to show that he had no reason to believe that *his vehicle would be used in a drug-related felony.* This Court found that a claimant under Section 90-112.1 has the right to have the fact-finder determine the essential issue of the case, *i.e.,* whether the petitioner had reason to know of the use of his vehicle to transport controlled substances. The Court stated that "factual determinations concerning what he knew, or had reason to believe, or to what uses of his vehicle he actually or impliedly consented, *must* be made before the fact-finder can answer the essential issue and before it can conclude that the petitioner has failed to carry his burden." 45 N.C. App. at 675, 263 S.E.2d at 838.

At the conclusion of the hearing on forfeiture, the trial court made somewhat tortuous findings which we believe constitute an adequate substitute for the simple, required finding on whether or not defendant had "knowledge, or reason to believe, that . . . [her vehicle] was being or would be used in the violation of laws of this State relating to controlled substances." Consequently, we overrule this final assignment of error.

No error.

Judges JOHNSON and ORR concur.