## C. I. T. CORPORATION v. C. A. BURGESS.

(Filed 16 June, 1930.)

1. **Intoxicating Liquor F a—Innocent lienor is not entitled to possession of car as against purchaser at forfeiture sale.**

   One claiming a lien under an unregistered mortgage on an automobile seized and sold under the provisions of section 3411(f), Michie Code, 1927, after notice by publication required by the statute may not successfully maintain his action for possession of the car against the purchaser at the sale had in conformity with law, though he may not have been aware of the proceedings and had no knowledge of the unlawful use of the automobile at the time of its seizure.

2. **Same—Lien of innocent lienor attaches to proceeds of forfeiture sale of car used in transportation of intoxicants.**

   Michie's Code of 1927, sec. 3411(f) expressly transfers the lien upon an automobile seized and sold for the unlawful transportation of liquor to the proceeds of the sale, and does not deprive the lienor of his property in

C. I. T. CORPORATION *v.* BURGESS.

conflict with Constitution of North Carolina, Art. I, sec. 17, or with the Due Process Clause of the Federal Constitution, the statute prescribing notice by publication, and the mode of giving notice being peculiarly a legislative function.

APPEAL by plaintiff from *Shaw, J.,* at October Term, 1929, of MECK-LENBURG. Affirmed.

Action to recover an automobile, heard upon the following statement of facts:

1. T. B. Drake bought from Asheville Overland-Knight, Inc., a Whippet coupe. He is named in the complaint as a party defendant, but he was not served with summons and is not a party to the action.

2. T. B. Drake executed and delivered to the Asheville Overland-Knight, Inc., a note in the amount of $775.68, secured by a chattel mortgage on the car hereinbefore described, which chattel mortgage was never recorded or registered in any county in North Carolina.

3. The C. I. T. Corporation is the owner and holder of said note and chattel mortgage, and there is now due and owing on said note and chattel mortgage $392.04, with interest from 9 June, 1929.

4. On 26 August, 1928, T. B. Drake, who was at that time the owner of the aforesaid automobile, was apprehended while illegally possessing and transporting intoxicating liquor in said automobile, by the sheriff of Iredell County; said sheriff at once proceeded against the said Drake, seized and took possession of said automobile, and procured a warrant for the said Drake, charging him with transporting liquor in said automobile in violation of law.

5. The said automobile was being used by the said Drake for transporting intoxicating liquor illegally, without the knowledge or consent of the C. I. T. Corporation.

6. The said Drake on 3 September, 1928, was tried for said offense of illegally transporting intoxicating liquor in said automobile, upon said warrant, issued by the recorder's court for Iredell County, a court of competent jurisdiction, and entered a plea of guilty of possessing liquor for the purpose of sale, and particularly of illegally transporting intoxicating liquor in said automobile contrary to law. Thereupon the court entered a judgment continuing the prayer for judgment for two years upon the defendant's paying the costs of the action, and said court further ordered and adjudged that said automobile be forfeited and sold by the sheriff of Iredell County as provided by law.

7. At the trial of the cause and before and after his conviction, the said Drake told the court and the sheriff that there were no liens on said automobile.

8. The sheriff of Iredell County on 5 September, 1928, in pursuance of said judgment of the court, advertised said automobile in the *States-*

C. I. T. Corporation v. Burgess.

*ville Daily,* a newspaper published in Iredell County, and at the court-house door of said county, a copy of said advertisement being attached to this statement and made a part thereof, marked Exhibit "A"; pursuant to said advertisement and order of the court, the sheriff of Iredell County exposed said automobile to sale at public auction at the court-house door of Iredell County on 15 September, 1928, at 12 o'clock m., at which time and place the defendant, C. A. Burgess, became the last and highest bidder for said automobile at the price of $270, and thereupon the said sheriff of Iredell County sold and delivered said automobile to the said C. A. Burgess for said sum of $270, and, no liens having been established by intervention or otherwise at the hearing or trial of the cause, or in other proceedings brought for said purpose prior to the time of the aforesaid sale of said automobile, deducted the expenses of the sale, the fee for the officer making the seizure and costs of the sale, and paid the surplus over to the treasurer of Iredell County to be used for the school fund of said county.

9. The C. I. T. Corporation was not a party to the proceeding in which said automobile was forfeited, and had no notice, actual or constructive, of the forfeiture, until after the sale of the car had been consummated and same delivered by the sheriff to the said C. A. Burgess.

10. It is agreed that the value of the said automobile at the time C. A. Burgess gave bond was $270, and that the said C. A. Burgess was an innocent purchaser of said automobile at said sale.

The notice of sale, Exhibit "A," was as follows:

"By virtue of authority contained in the Public Laws of 1923, the undersigned sheriff of Iredell County will on Saturday, 15 September, at 12 o'clock m., at the courthouse door expose to sale, to the highest bidder for cash, the following personal property: One Whippet coupe, said property having been forfeited by T. B. Drake for violations of the liquor laws of the State of North Carolina, he having plead guilty to said violations of said laws in open court.

M. P. ALEXANDER,

This 5 September, 1928."                    *Sheriff, Iredell County.*

Upon the foregoing facts it was adjudged that the plaintiff is not entitled to the relief demanded in its complaint against C. A. Burgess, and that action be dismissed. The plaintiff excepted and appealed.

*Pharr & Currie for plaintiff.*
*Lewis & Lewis for defendant.*

ADAMS, J. T. B. Drake is not a party to this action. He bought the car on credit from the plaintiff, secured the deferred payments by a note

and chattel mortgage on the property, made default, and used the vehicle for the unlawful transportation of intoxicating liquor. The chattel mortgage was not registered in Buncombe or in any other county; there was no irregularity in the sale; and the defendant was a purchaser without actual or constructive notice of the plaintiff's claim. Both before and after his conviction Drake told the judge of the recorder's court and the sheriff that there was no lien on the car. In these circumstances has the plaintiff a lien which is enforceable against the defendant Burgess?

The sale was made under the provisions of section 3411(f) of Michie's Code of 1927. A few minor changes eliminated, this section is a copy of section 26 of the National Prohibition Act. 41 Stat., 315; U. S. Compiled Sts., 10138½ mm. The Supreme Court of the United States has construed the language of section 26 as mandatory, and has held that, whenever the vehicle seized by the arresting officers is discovered in use in the prohibited transportation, literal compliance with the requirements of section 26 would compel the forfeiture of the vehicle with the consequent protection of the interests of innocent lienors. *Richbourg Motor Co. v. United States* (decided 19 May, 1930). We see no reason why section 3411(f) should not be subject to the same interpretation.

If the statute is mandatory and the vehicle is forfeited, what provision is made for the protection of innocent lienors? Upon conviction of the arrested offender the court shall order the liquor destroyed and shall direct a sale by public auction of the seized vehicle, unless the claimant can show that it is his property and that it was used in transporting liquor without his knowledge and consent. There is no express provision for giving notice to a lienholder to appear at the trial; but he is permitted to establish his lien by intervention or otherwise at the hearing if he has notice; or he may establish it by other proceedings brought for the purpose. But the lien must have been taken in good faith and must have been created without the lienor's knowledge or notice that the carrying vehicle was being used for the illegal transportation of liquor. The proceeds arising from the sale of the forfeited property, after the expense of keeping it, the fee for the seizure, and the cost of the sale are deducted, shall be applied in payment, according to their priorities, of all liens which are established by intervention or otherwise at the hearing or by other authorized proceedings. The lienor is further protected by the provision that all liens against property sold under this section shall be transferred from the property to the proceeds of the sale of the property. If no claimant of the forfeited property is found the taking of the property and a description of it shall be duly advertised, and if no claimant shall appear within ten days after the last publication of the advertisement the property shall be sold, and the proceeds less the

expenses and costs shall be paid to the treasurer or officer in the county who receives fines and forfeitures, and shall become a part of the county school fund.

In this case the latter course was pursued. No claimant, other than Drake, was found; the sale was advertised under the foregoing provision; the car was sold, and the proceeds, less the expenses, were paid to the treasurer of Iredell County. It is agreed that the price paid by the defendant at the sale was the actual value of the car at that time. If by virtue of its unrecorded mortgage the plaintiff had a valid lien on the property as against Drake, the mortgagor, its lien was transferred to the proceeds of the sale. The object of transferring the lien was not only to protect the lienor, but to clear the title of the purchaser. When transferred to the proceeds of the sale the lien no longer attached to the forfeited property. It follows that the car, released from the lien and now in possession of an innocent purchaser for value, is not subject to the plaintiff's claim.

The appellant contends that section 3411(f) is in conflict with Article I, section 17, of the Constitution of North Carolina, which provides that no person ought to be deprived of his property but by the law of the land, and in conflict with the Fourteenth Amendment of the Constitution of the United States, which provides that no State shall deprive any person of his property without due process of law. We are unable to concur with the appellant in this suggestion. In *Richbourg v. United States, supra,* it was said that "the objective of section 26 (National Prohibition Act) is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forefeiture of vehicles used in its transportation, to the limited extent specified in the section. . . . The provision that 'the court upon conviction of the person so arrested shall order a sale by public auction of the property seized' is mandatory and requires the forfeiture to proceed under this section." The officer's appropriation of the property is repeatedly referred to as a forfeiture. If it is a forfeiture under section 26 it is a forfeiture under section 3411(f), although the interests of innocent third persons are protected by each statute. The forfeiture is not a taking without due process of law. The owner or lienor of an automobile who entrusts it to another with authority to use it is not deprived of his property without due process of law by a statute authorizing its forfeiture if it is used by the person to whom it is entrusted in the unlawful transportation of intoxicating liquor, although such use is without the knowledge or consent of the lienor or owner. *Goldsmith-Grant Co. v. United States,* 254 U. S., 505, 65 Law Ed., 376; *Van Oster v. Kansas,* 272 U. S., 465, 71 Law Ed., 354.

But as we interpret the statute the lienor is not deprived of his property. If the property is forfeited and sold the lien is transferred; it no longer attaches to the subject of the forfeiture; and in any event the demands of the due process clause are met by giving notice by publication to unknown claimants of the seizure, and of a description of the property. The mode of giving the notice is prescribed by the statute, this being peculiarly a legislative function.

We may note in concluding that section 3411(f) differs materially from section 3403, which was construed in *S. v. Johnson*, 181 N. C., 638, and in *Motor Co. v. Jackson*, 184 N. C., 328. Judgment

Affirmed.