ZENO RATCLIFF, SR., v. EDWARD N. RODMAN, CHAIRMAN, BEAUFORT COUNTY BOARD OF ELECTIONS, THE BEAUFORT COUNTY BOARD OF ELECTIONS, THE INDIVIDUAL MEMBERS OF THE BEAUFORT COUNTY BOARD OF ELECTIONS, EDWARD N. RODMAN, ZENO RATCLIFF, JR., AND ALTON MILLS.

(Filed 31 October 1962.)

**Appeal and Error § 6—**

Plaintiff was denied the right to file as a candidate of his political party for nomination to a public office because of plaintiff's refusal to subscribe to the pledge as prescribed by G.S. 163-119. Plaintiff asserted that the requirement of the statute that he pledge himself to support all candidates of his party in the next general election was unconstitutional, and sought mandamus against the election officials to require them to place his name on the ballot. *Held:* The primary election having been held at the time of the hearing of the appeal, the appeal must be dismissed as academic.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Paul, J.,* at Chambers in the City of Washton, County of BEAUFORT.

Petition for writ of mandamus.

The allegations of the complaint are summarized as follows:

Plaintiff is a resident and elector of Beaufort County, a member of the Republican Party in good standing, and is registered as a Republican. On 10 April 1962 plaintiff presented himself to the Chairman of the Board of Elections of Beaufort County and requested that he be permitted to file as a candidate, for nomination of the Republican Party for Beaufort County's Representative in the Lower House of the General Assembly of North Carolina, in the Primary Election of 26 May 1962. Plaintiff tendered the filing fee required by law, but was told that he could not lawfully file as a candidate unless he took and subscribed the pledge required by G.S. 163-119, as follows:

"I hereby file my notice as a candidate for the nomination as Representative of Beaufort County in the General Assembly in the Primary Election to be held on the 26th day of May, 1962.

I affiliate with the Republican Party, and I hereby pledge my-
self to abide by the results of said Primary and to support in the
next General Election all candidates nominated by the Republican
Party."

Plaintiff offered to sign the pledge if permitted to delete the words,
". . . and to support in the next General Election all candidates nomi-
nated by the Republican Party." The Chairman of the County Board
refused to accept the altered pledge and refused to permit plaintiff to
file unless he signed the pledge as required by the statute. Plaintiff
protested that the pledge prevented the free exercise of the ballot by
him and violated rights guaranteed to him by Article I, section 10, of
the Constitution of North Carolina, and by the Fourteenth Amend-
ment to the Constitution of the United States. Nevertheless, he was
not permitted to file without signing the pledge. Plaintiff filed a pe-
tition with the State Board of Elections suggesting the unconstitution-
ality of the pledge requirement and insisting that it was his right to file
without subscribing to the objectionable portion of the pledge. The
State Board denied the petition. Plaintiff is without an adequate
remedy to enforce his fundamental rights. Plaintiff prays for writ
of mandamus "requiring the defendants (Beaufort County Board of
Elections, including the Chairman) to permit the filing of the plaintiff"
as candidate for said office "without the necessity of taking that
portion of the pledge hereinbefore set out which undertakes to control
his vote in the next General Election."

Defendants answered and admitted the material factual allegations
of the complaint, but denied that plaintiff was entitled to the relief
sought.

The court entered judgment on 11 August 1962, refusing to issue the
writ and denying the relief prayed for.

Plaintiff appeals.

*John A. Wilkinson for plaintiff.*
*L. H. Ross for appellees.*
*Attorney General Bruton and Assistant Attorney General Bullock,*
*Amicus Curiae.*

MOORE, J.   The question plaintiff seeks to present on this appeal
is academic. The sole relief sought by plaintiff is the issuance of a
writ of mandamus requiring the Beaufort County Board of Elections
"to permit the filing of plaintiff for the nomination of the Republican
Party as Representative of Beaufort County in the Lower House
of the General Assembly of the State of North Carolina without the
necessity of taking" the pledge as provided for in G.S. 163-119. In

short, he desires to be a candidate in the Primary Election of 26 May 1962. That Election has been held. *Saunders v. Bulla,* 232 N.C. 578, 61 S.E. 2d 607; *Nance v. Winston-Salem,* 229 N.C. 732, 51 S.E. 2d 185; *Penland v. Gowan,* 229 N.C. 449, 50 S.E. 2d 182; *Rousseau v. Bullis,* 201 N.C. 12, 158 S.E. 553. Any attempt to grant relief at this juncture would avail him nothing. Should there be a determination on the merits favorable to plaintiff's contention, he could not be certified as the nominee of his Party. Who can say, had he been permitted to file, that one or more persons unfavorable to his candidacy would not also have filed? It is too late for him to become an official nominee of his Party.

Where the question presented to this Court for decision is academic, the prevailing practice is to dismiss the appeal. *Eller v. Wall,* 229 N.C. 359, 49 S.E. 2d 758; *Efird v. Comrs. for Forsyth,* 217 N.C. 691, 9 S.E. 2d 466.

Appeal dismissed.

RODMAN, J., took no part in the consideration or decision of this case.