LEROY FULTON, DR. RALPH FALLS, DR. CALVIN ACUFF, AND CHARLES MILLS, CITIZENS AND TAXPAYERS OF BURKE COUNTY, AND CHARLES MILLS AND DR. RALPH FALLS, CITIZENS AND TAXPAYERS OF CITY OF MORGANTON, AND OTHER CITIZENS v. CITY OF MORGANTON, A MUNICIPAL CORPORATION; HARRY L. RIDDLE, SR., MAYOR OF MORGANTON; TED CLEMMER, DAVID RADER, ROY BRADDOCK, AND CARL RAMSEY, MEMBERS OF MORGANTON CITY COUNCIL.

(Filed 16 October 1963)

**Appeal and Error § 6—**

A suit to restrain the holding of an election must be dismissed upon appeal when it appears that the election sought to be restrained has been held.

APPEAL by plaintiffs from *Huskins, J.*, in Chambers in BURNSVILLE on 8 July 1963.

*Davis & Brown by Allen W. Brown and Simpson & Simpson by Dan Simpson for plaintiff appellants.*

*Patton & Ervin by Frank C. Patton and John H. McMurray for defendant appellees.*

PER CURIAM. This action was begun 15 June 1963. Plaintiffs, in their complaint, allege: (1) Plaintiffs are citizens and taxpayers of

Burke County; plaintiffs Mills and Falls are also citizens and tax-payers of Morganton. (2) Defendants, acting upon a petition signed by more than 15% of the registered vote of Morganton, have, as provided in c. 413, S.L. 1963, "AN ACT TO AUTHORIZE THE QUALIFIED VOTERS OF THE TOWN OF MORGANTON TO DETERMINE WHETHER OR NOT BEER AND WINE MAY BE LEGALLY SOLD AND ALCOHOLIC BEVERAGE CONTROL STORES OPERATED IN THE TOWN OF MORGANTON," called an election to be held on 13 July 1963 for the purpose of ascertaining the will of the electorate with respect to the sale of beer and wine and the operation of ABC Stores. (3) Officials charged with the duty of holding the election have been designated. (4) C. 413, S.L. 1963, is a local act. It partially repeals the Turlington Act, art. 1, c. 18, of the General Statutes and Alcoholic Beverage Control Act of 1937, art. 3, c. 18 of the General Statutes, and is for that reason, by Art. II, sec. 29 of our Constitution, void. (5) Plaintiffs, citizens of Morganton, will be irreparably damaged if the election is held "in that tax funds and other funds of said City of Morganton are being and will be expended for the conduct of an illegal election."

Plaintiffs prayed: "That the defendants, their agents and employees, be permanently enjoined from holding or conducting an election in the City of Morganton on July 13, 1963, or any date under the purported authority of the Morganton Bill.

"That the Court find and declare the said Morganton Act to be invalid, void, and unconstitutional."

On 17 June 1963 Riddle, J., at the instance of plaintiffs, issued an order requiring defendants to appear before Campbell, J., in Charlotte on 29 June 1963 to show cause why the restraining order sought by plaintiffs should not issue.

Plaintiffs, learning that Campbell, J., would not be able to hear the parties at the time and place fixed, sought and obtained an order for a hearing by Huskins, J., in Burnsville on 8 July 1963.

Defendants, before the hearing, filed an answer admitting an election had been called for 13 July 1963 as authorized by c. 413, S.L. 1963. They denied plaintiffs' allegation that the act was invalid. They also denied plaintiffs' assertion of irreparable injury if the election was held.

Judge Huskins heard the parties at the appointed time and place. He concluded plaintiffs had failed to establish their claim of irreparable injury or damage to property rights. He also expressed the opinion that plaintiffs had failed to show that they were without an adequate

remedy at law. For these reasons he declined to issue the restraining order.

The election has been held. The electorate has answered the questions propounded. "It is quite obvious that a court cannot restrain the doing of that which has already been consummated." *Austin v. Dare County,* 240 N.C. 662, 83 S.E. 2d 702; *Ratcliff v. Rodman,* 258 N.C. 60, 127 S.E. 2d 788.

Appeal dismissed.