FRANK ROBERTS v. MADISON COUNTY REALTORS ASSOCIATION, INC., JEANNE T. HOFFMAN, CATHERINE DICKINSON, AND DIANA SCHOMMER

No. 25A96

(Filed 6 September 1996)

1. **Injunctions § 7 (NCI4th)— merger of associations of realtors—mandatory injunction—sufficiency of complaint**

    Where plaintiff's complaint prayed for a temporary restraining order, a preliminary injunction and a permanent injunction to enjoin the proposed merger of the Madison County Realtors Association and the Asheville Board of Realtors as well as costs and such further relief as the court deemed just and proper, and plaintiff argued at the summary judgment hearing for a rescission

of the merger that had already occurred, the complaint was sufficient to allow the trial court to order a mandatory injunction if plaintiff prevailed on the merits and the court deemed a mandatory injunction just and proper.

**Am Jur 2d, Injunctions §§ 29, 291.**

2. **Injunctions § 7 (NCI4th)— accomplished merger of associations of realtors—mandatory injunction available—claim for equitable relief not moot**

A mandatory injunction was not automatically unavailable to plaintiff in an action involving the merger of the Madison County Realtors Association and the Asheville Board of Realtors once the merger occurred, and plaintiff's claim for equitable relief was thus not rendered moot by the merger, where plaintiff presented genuine issues of material fact as to whether defendants violated his rights as a member and shareholder of defendant Association by following merger procedures that violated the Nonprofit Corporation Act, the articles of incorporation, and the bylaws and that constituted a breach of fiduciary duty. If plaintiff successfully proves that his rights have been violated, the trial court must apply principles of equity to determine whether any equitable relief is available on the facts of this particular case.

**Am Jur 2d, Injunctions §§ 29, 291.**

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 121 N.C. App. 233, 465 S.E.2d 328 (1996), affirming the order of summary judgment entered in favor of defendants by Smith (Claude D., Jr.), J., on 15 July 1994 in District Court, Madison County. Heard in the Supreme Court 15 May 1996.

*Manning, Fulton & Skinner, P.A., by Cary E. Close, for plaintiff-appellant.*

*Moore & Van Allen, PLLC, by George V. Hanna III and Mary Elizabeth Erwin, for defendant-appellees.*

ORR, Justice.

This case arises from a dispute concerning the validity of a merger of the Madison County Realtors Association, Inc., ("defendant Association") with the Asheville Board of Realtors. The facts occurred as follows.

ROBERTS v. MADISON COUNTY REALTORS ASSN.

[344 N.C. 394 (1996)]

Plaintiff, who had been a member of defendant Association for approximately ten years, was appointed to a special committee charged with the negotiation of the proposed merger of defendant Association with the Asheville Board of Realtors. Before the terms of the merger were finalized, defendant Diana Schommer, at a 30 March 1993 membership meeting, made a motion for members to vote on the proposed merger. Edward Krause, attorney for defendant Association, intervened, informing the membership that the statutory prerequisites to an official merger vote had not been satisfied, and therefore, a vote could not be taken at that time. Defendant Schommer then amended her motion to call for a tentative vote to show the "sense of the membership." This vote resulted in a count of six members in favor of and five members opposed to the terms of the proposed merger.

Thereafter, on 14 May 1993, defendant Jeanne Hoffman, defendant Association's president, and defendant Catherine Dickinson, defendant Association's secretary, submitted an application for the merger of defendant Association and the Asheville Board of Realtors, which would be voted on at a board meeting of the North Carolina Association of Realtors, Inc. ("North Carolina Association") on 4 June 1993. As a part of the application, defendants Hoffman and Dickinson were required to submit a copy of the minutes from the general membership meeting of defendant Association showing official approval of the proposed merger. The minutes of the 30 March 1993 membership meeting submitted by defendants Hoffman and Dickinson, however, reflected only the tentative vote, taken to show the "sense of the membership." Despite this defect in the application, the merger was approved by the board of directors of the North Carolina Association on 4 June 1993 and by the board of directors of the National Association of Realtors on 15 November 1993.

On 8 November 1993, the board of directors of defendant Association approved the "Plan of Merger" of defendant Association and the Asheville Board of Realtors. Defendant Association's board of directors' resolution approving the Plan of Merger directed that the Plan of Merger be submitted to a vote at a meeting of the members of defendant Association. Subsequently, defendant Hoffman called for an official vote of the membership on the merger. Twenty-five members of defendant Association were represented in person or by proxy at this 23 November 1993 meeting. Under N.C.G.S. § 55A-40, adoption of the proposed merger required an affirmative vote by two-thirds of the members represented in person or by proxy at the meeting. Thus,

**ROBERTS v. MADISON COUNTY REALTORS ASSN.**

[344 N.C. 394 (1996)]

adoption required seventeen members to vote in favor of the Plan of Merger. Eighteen members voted in favor of the Plan of Merger; seven members voted against the Plan of Merger. Therefore, the Plan of Merger was adopted by defendant Association.

Plaintiff alleges that, contrary to the requirements delineated in N.C.G.S. §§ 55A-40(a)(1) and 55A-31, several members of defendant Association, including plaintiff himself, had not received a copy of the Plan of Merger or a summary of the Plan of Merger ten days in advance of the 23 November 1993 meeting. Additionally, plaintiff contends that, contrary to the bylaws of defendant Association, he was not allowed to convey to defendant Association's membership important information that he had recently obtained regarding the National Association of Realtors' new "Board of Choice" policy. This new policy allowed members of defendant Association to transfer their memberships from defendant Association to the Asheville Board of Realtors. Under the prior policy, a realtor was allowed to join only the realtors' association located in the county in which the realtor's business was located. According to plaintiff, this policy change had not been shared with members of defendant Association at any time during the discussions about the proposed merger, despite the fact that its implementation negated one of the primary reasons for considering a merger of defendant Association with the Asheville Board of Realtors.

On 28 December 1993, plaintiff filed a *pro se* complaint alleging that the actions taken by defendant Association and the individual defendants to accomplish the merger were not in compliance with the articles of incorporation and bylaws of defendant Association and that the merger was the result of a breach of fiduciary duty of defendant Association's board of directors. The complaint prayed for a temporary restraining order, a preliminary injunction and a permanent injunction to enjoin the proposed merger, as well as costs and such further relief as the court deemed just and proper. Plaintiff was granted an *ex parte* temporary restraining order on 29 December 1993, enjoining defendants from consummating the merger with the Asheville Board of Realtors. Defendants filed an answer and counterclaim on 25 February 1994. Plaintiff was granted a second *ex parte* temporary restraining order on 25 March 1994, enjoining the consummation of the merger.

On 8 April 1994, Judge Robert H. Lacey found that plaintiff had failed to show that there was a reasonable apprehension of irrepara-

ble loss, injury, or harm if injunctive relief was not granted. Therefore, Judge Lacey dissolved the temporary restraining order and denied plaintiff's motion for a preliminary injunction. On 29 April 1994, "Articles of Merger" of defendant Association with the Asheville Board of Realtors were filed with the Secretary of State.

On 31 May 1994, defendants filed a motion for summary judgment. On 8 June 1994, during the hearing on defendants' motion for summary judgment, Judge Claude D. Smith, Jr., orally granted a motion by plaintiff to amend the complaint to add the Asheville Board of Realtors as a defendant. In an order entered 15 July 1994, Judge Smith found that there was no genuine issue as to any material fact in dispute as to the issue of defendants' liability under the claims set forth in the complaint, and he granted summary judgment in favor of defendants. Plaintiff appealed to the Court of Appeals.

In a split decision, the Court of Appeals majority recognized that the affidavits filed by plaintiff tended to show "that there were questionable events which occurred during the merger." *Roberts v. Madison Co. Realtors Ass'n*, 121 N.C. App. 233, 239, 465 S.E.2d 328, 332 (1996). The Court of Appeals majority also acknowledged "defendants' rather transparent circumvention of procedural and statutory protections, set in place to guard against the very thing that has occurred." *Id.* However, the Court of Appeals majority held that because the merger had already occurred at the time of the summary judgment hearing, plaintiff's claim had become moot, and summary judgment in favor of defendants was proper. Judge Wynn dissented, arguing that plaintiff's claim was not moot and that since genuine issues of material fact existed, summary judgment should be reversed and the case remanded for trial.

"When an appeal is taken pursuant to N.C.G.S. § 7A-30(2), the scope of this Court's review is properly limited to the issue upon which the dissent in the Court of Appeals diverges from the opinion of the majority." *State v. Hooper*, 318 N.C. 680, 681-82, 351 S.E.2d 286, 287 (1987). Because no cross-assignment of error has been filed and because the Court of Appeals majority and dissent agreed that plaintiff raised issues of fact concerning the propriety of the procedures followed leading up to the merger, our review is limited to the issue dissented on: whether plaintiff's claim was rendered moot by the merger. We hold that the merger did not render plaintiff's claim moot.

A case is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the exist-

ing controversy. *Black's Law Dictionary* 1008 (6th ed. 1990). "[C]ourts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Thus, the case at bar is moot if the merger had the effect of leaving plaintiff with no available remedy. We note that the proper procedure for a court to take upon a determination that a case has become moot is dismissal of the action, rather than a grant of summary judgment. "If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." *Id.* at 148, 250 S.E.2d at 912.

In turning to our consideration of the mootness issue, a general review of the law of injunctive relief is necessary.

> Injunctions may be granted to prevent violation of rights or to restore the plaintiff to rights that have already been violated. . . . No general principle limits injunctive relief to any particular kind of case or constellation of facts.

> Injunctions are denied in particular cases when the plaintiff fails to establish any underlying right. They are also denied in individual cases when the judge concludes that some other remedy ought to be used instead. Otherwise, the injunction is a potential remedy in any case in which it may provide significant benefits that are greater than its costs or disadvantages. Limitations on the injunction come when the judge weighs benefits or disadvantages in particular cases, not by dint of any general subject matter limitation.

1 Dan B. Dobbs, *Law of Remedies* § 2.9(2), at 227 (2d ed. 1993) [hereinafter *Dobbs*]. When equitable relief is sought, courts claim the power to grant, deny, limit, or shape that relief as a matter of discretion. This discretion is normally invoked by considering an equitable defense, such as unclean hands or laches, or by balancing equities, hardships, and the interests of the public and of third persons. *Dobbs*, § 2.4(1), at 91.

> Injunctions . . . may be classified as "prohibitory" and "mandatory." The former are preventive in character, and forbid the continuance of a wrongful act or the doing of some threatened or anticipated injury; the latter are affirmative in character,

ROBERTS v. MADISON COUNTY REALTORS ASSN.

[344 N.C. 394 (1996)]

and require positive action involving a change of existing conditions—the doing or undoing of an act.

42 Am. Jur. 2d *Injunctions* § 9 (1969); *accord Seaboard Air Line R.R. Co. v. Atlantic Coast Line R.R. Co.*, 237 N.C. 88, 94, 74 S.E.2d 430, 434 (1953) (a court of equity " 'may, by its mandate, compel the undoing of those acts that have been illegally done, as well as it may, by its prohibitive powers, restrain the doing of illegal acts.' 28 A.J. 211. . . . A mandatory injunction based on sufficient allegations of wrongful invasion of an apparent right may be issued to restore the original situation"); *Black's Law Dictionary* 784 (6th ed. 1990); *Dobbs*, § 2.9 at 224; John F. Dobbyn, *Injunctions In a Nutshell* 163 (1974) [hereinafter *Dobbyn*].

> Permanent injunctions are those issued as complete injunctive relief to the petitioner (so far as this is possible) after a full hearing on the merits of the petition. Interlocutory injunctions are those issued at any time during the pendency of the litigation for the short-term purpose of preventing irreparable injury to the petitioner prior to the time that the court will be in a position to either grant or deny permanent relief on the merits.

*Dobbyn* at 150. Mandatory injunctions are disfavored as an interlocutory remedy. "As a general rule, since the purpose of an interlocutory injunction is solely to retain the status quo [pending final resolution on the merits], only a prohibitory injunction is proper [as opposed to a mandatory injunction, which would alter the status quo]." *Dobbyn* at 163; *see also Seaboard Air Line R.R. Co. v. Atlantic Coast Line R.R. Co.*, 237 N.C. at 96, 74 S.E.2d at 436 (temporary restraining order in the form of a mandatory injunction was improper because it would determine by an interlocutory order the ultimate relief sought in the action). However, we note that under circumstances which indicate "serious irreparable injury to the petitioner if the injunction is not granted, no substantial injury to the respondent if the injunction is granted, and predictably good chances of success on the final decree by the petitioner[,] a mandatory interlocutory injunction could properly be issued." *Dobbyn* at 167-68.

[1] Defendants argue that plaintiff sought only a preventive injunction to enjoin the merger and that once the merger occurred, there was no action left to enjoin. Plaintiff's complaint prayed for a temporary restraining order, a preliminary injunction and a permanent injunction to enjoin the proposed merger, as well as costs and such further relief as the court deemed just and proper. At the summary

ROBERTS v. MADISON COUNTY REALTORS ASSN.

[344 N.C. 394 (1996)]

judgment hearing, plaintiff argued for a rescission of the merger. Under our notice theory of pleading, the complaint was sufficient to allow the court to order a mandatory injunction if plaintiff prevailed on the merits and the court deemed a mandatory injunction just and proper. A court of equity traditionally has discretion to shape the relief in accord with its view of the equities or hardships of the case. *See Dobbs*, § 2.4(6) at 113.

[2] Defendants also argue that a mandatory injunction was automatically unavailable once the merger occurred. The record shows that plaintiff presented to the trial court a question of material fact about whether defendants violated his rights as a member and a shareholder of defendant Association by following merger procedures that violated the Nonprofit Corporation Act, the articles of incorporation, and the bylaws and that constituted a breach of fiduciary duty. This is sufficient for the case to survive the summary judgment stage. The question of whether there is an appropriate equitable remedy in this case is left to the discretion of the trial court, after a hearing on the merits. Therefore, plaintiff's claim for equitable relief is not automatically rendered moot by the merger. If plaintiff successfully proves that his rights have been violated, the trial court must apply principles of equity to determine whether any equitable relief is appropriate on the facts of this particular case. Also, we note that when a trial court makes its decision whether to grant equitable relief, the court should make appropriate findings of fact and conclusions of law, sufficient to allow appellate review for abuse of discretion. *See Dobbyn* at 238 (trial judge has discretion in determining what remedy will accomplish the most fair and just result between the petitioner, the respondent, and the public, and the standard for review is abuse of discretion).

Our research reveals that the cases relied on by the Court of Appeals majority are distinguishable on various grounds. In *Fulton v. City of Morganton*, 260 N.C. 345, 132 S.E.2d 687 (1963), the Court dismissed plaintiff's appeal from the trial court's denial of a restraining order because the action sought to be restrained was accomplished while the appeal was pending. The Court declined to review the propriety of the trial court's substantive decision not to issue the restraining order because even if it found the decision improper, it could not be reversed since the nonsensical result would be a restraining order enjoining defendants from conducting an election that had already been held. The Court reasoned that it is obvious that a court cannot restrain the doing of an act which already has been

consummated. *Id.* at 347, 132 S.E.2d at 688. This statement does not say that a court cannot issue a mandatory injunction ordering relief from an act that has already taken place if such a remedy is appropriate. In *Fulton*, the trial court could not prohibit an election from taking place when it had already occurred. However, we find no authority that a court cannot take action to remedy a wrong resulting from an action that has taken place.

In *Jackson v. Jernigan*, 216 N.C. 401, 5 S.E.2d 143 (1939), the plaintiff sought a preventive injunction to protect his property and possessory rights pending the final determination of a proceeding to establish the dividing line between the lands of the parties. The *Jackson* Court held that a preventive injunction was not available because defendant had already destroyed plaintiff's crop, and a preventive injunction cannot be used to redress a consummated wrong or to undo what has been done. This decision did not address whether a permanent mandatory injunction would be available if plaintiff was ultimately determined to be the owner of the land in question.

In *Nicholson v. State Educ. Assistance Auth.*, 275 N.C. 439, 168 S.E.2d 401 (1969), the Court cited *Jackson v. Jernigan* for the authority that an injunction cannot prevent that which has already been done. The *Nicholson* Court then held that a mandatory injunction could not be issued in that case because such a remedy would require employees and other nonparties to refund salaries and other items paid to them. The critical factor in *Nicholson* was that nonparties could not be enjoined.

*Ratcliff v. Rodman*, 258 N.C. 60, 127 S.E.2d 788 (1962), also provides no assistance to defendant's position. *Ratcliff* dealt with a request for a writ of mandamus rather than a mandatory injunction, and the holding was based on equitable principles as they related to the specific facts of the case. Therefore, *Ratcliff* is not binding in the case at bar on the trial court's decision of whether principles of equity would allow a mandatory injunction on the specific facts of this case.

In the case at bar, the Court of Appeals majority opinion included a paragraph that apparently concluded that a balancing of the equities favored denial of relief to plaintiff. However, such a conclusion is improper at the summary judgment stage. Summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1990). As the Court of Appeals majority and dissenting opinions agreed, plaintiff presented to the trial court genuine

issues of material fact about whether defendants violated his rights as a member and a shareholder of defendant Association by following merger procedures that violated the Nonprofit Corporation Act, the articles of incorporation, and the bylaws and that constituted a breach of fiduciary duty. This is sufficient for the case to survive the summary judgment stage. The question of whether there is an appropriate equitable remedy in this case is left to the discretion of the trial court, after a hearing on the merits and findings of fact and conclusions of law.

Therefore, we reverse the decision of the Court of Appeals and remand the case to the Court of Appeals for further remand to the District Court, Madison County, for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.