STATE v. CHISHOLM

[135 N.C. App. 578 (1999)]

STATE OF NORTH CAROLINA v. BRUCE CHISHOLM

No. COA98-1302

(Filed 16 November 1999)

### 1. Appeal and Error— mootness—amended statute

An appeal from a DWI vehicle seizure statute which has been amended was not mooted because a decision regarding the constitutionality of the statute also impacts other vehicle owners whose cars have been seized and because the underlying premise of the statute remains the same.

### 2. Motor Vehicles— DWI vehicle seizure—Fourth Amendment

The trial court had no basis for finding that the seizure of an automobile under DWI statutes violated the Fourth Amendment where defendant was arrested for driving while intoxicated and with a revoked license, and a magistrate found probable cause for the arrest and probable cause for the seizure of the vehicle. The warrantless seizure of a motor vehicle does not violate the Fourth Amendment if the officer has probable cause to believe that the vehicle is subject to forfeiture. N.C.G.S. § 20-28.3.

### 3. Motor Vehicles— DWI vehicle seizure—due process

Due process was not violated when defendant's car was seized under DWI statutes; a long line of cases holds that due process is met when a motor vehicle is seized without prior notice or a proper hearing.

### 4. Motor Vehicles— DWI vehicle seizure—equal protection

Equal protection was not violated by the seizure of defendant's automobile under the DWI statutes because the statutes in question made no classifications. Even if the "innocent owner" exception was a classification, it was quite rational.

### 5. Motor Vehicles— vehicle seizure—Law of the Land Clause

The DWI seizure statutes are constitutional under Article 1, Section 19 of the North Carolina Constitution because they have a legitimate objective (keeping impaired drivers and their cars off the roads) and the means (seizing the cars) are directly related to the goal.

Judge JOHN voting to dismiss appeal.

Appeal by the State of North Carolina and Carteret County from judgment entered 18 September 1998 by Judge Paul Quinn in District Court, Carteret County. Heard in the Court of Appeals 26 August 1999.

*Michael F. Easley, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General for the State.*

*Hallett S. Ward, III for petitioner-appellee.*

WYNN, Judge.

North Carolina allows a driver's vehicle to be seized and forfeited if the driver violates the State's impaired driving and license revocation laws. In this case, the district court found that the seizure and forfeiture statutes were unconstitutional under both the United States Constitution and the North Carolina Constitution. We, however, uphold the constitutionality of the seizure and forfeiture statutes; accordingly, we reverse the decision of the district court.

## I. Facts and Procedural History

On 19 April 1998, an officer charged the defendant Bruce Chisholm with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 (1993) and driving while his license was revoked in violation of N.C. Gen. Stat. § 20-28 (Supp. 1997). The officer seized and impounded the vehicle driven by Chisholm under N.C. Gen. Stat. § 20-28.3 (Supp. 1997).

Before recent amendments, N.C. Gen. Stat. §§ 20-28.2 through 20-28.7 (Supp. 1997) (hereafter the "DWI Seizure Statutes") provided for the seizure and possible forfeiture of any vehicle driven by a person under the influence while his license was revoked as the result of a prior impaired driving incident. The seized vehicle would be towed and stored until the driver's hearing. If the district court dismissed the charges or found the driver not guilty of impaired driving while his license was revoked, the vehicle would be released. If the driver was found guilty, the vehicle would be forfeited—either kept by the school board of the county in which the vehicle was seized, or sold.

The DWI Seizure Statutes had an "innocent owner" defense which allowed a non-operator owner of a seized vehicle to regain his vehicle regardless of whether the defendant was found guilty or not guilty. An "innocent owner" was an owner who either did not know that the driver of the vehicle had his license revoked, or *did* know about the revocation but did not give permission for the defendant to use

the car. An innocent owner could regain possession of his car before the defendant's trial, but only by proving his "innocence," paying all storage and towing fees, and filing a bond worth twice the value of the seized vehicle. If the defendant was found not guilty, a seized vehicle would be released to its owner, along with any fees paid for the pre-trial release of the car.

In this case, the officer seized and impounded the vehicle driven by defendant Chisholm under the authority of N.C. Gen. Stat. § 20-28.3. The car, a 1990 Ford, belonged to the petitioner, Lummie Dillard, who moved in the cause to have the car returned to him without payment of towing and storage fees. He argued that the DWI Seizure Statutes were unconstitutional as applied to him as well as to lienholders and others similarly situated.

Following a hearing in the District Court of Carteret County, the trial judge agreed with Mr. Dillard and found that the DWI Seizure Statutes were unconstitutional in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. Accordingly, the trial judge released the vehicle to Mr. Dillard. The State appealed from that determination to this Court.

Since the filing of this appeal, the General Assembly has amended the DWI Seizure Statutes to allow a faster and easier return of a vehicle to a non-driver owner. For instance, the owner does not have to prove his "innocence" before the car may be returned—innocence may be determined later—and the bond filed in lieu of the car must be equal to the value of the car, not twice its value. However, the general nature of the statutes are unchanged—the provisions which allow seizures and forfeitures of vehicles for violations of the DWI Seizure Statutes are still in place.

## II. Is This Case Moot?

[1] On appeal, Mr. Dillard initially urges this Court to dismiss the State's appeal as moot. We, however, find that this matter is not moot.

An appeal which presents a moot question should be dismissed. *See Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 443 S.E.2d 127,·*dismissal allowed and review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994). If the issues giving rise to the action become moot at any time during the proceedings, the court should dismiss the action. *See In Re Peoples*, 296 N.C. 109, 250 S.E.2d 890, *cert. denied*, 442 U.S. 929, 99 S.Ct. 2859, 61 L. Ed. 2d 297 (1979). An exception

**STATE v. CHISHOLM**

[135 N.C. App. 578 (1999)]

exists where the question involved is a matter of public interest. *See Matthews v. N.C. Dep't of Transp.*, 35 N.C. App. 768, 242 S.E.2d 653 (1978).

Since the trial court's decision regarding the constitutionality of the DWI Seizure Statutes will also impact other vehicle owners whose cars have been seized, a resolution of this case may be required if only to establish the rights of non-parties whose vehicles were seized under the statutes in question.

Moreover, regardless of whether the requisite "public interest" is present, we hold that the case is not moot because a controversy still exists. While the procedures for handling seized vehicles have been amended, the underlying premise of the applicable statute is still the same—namely, that a motor vehicle used contrary to North Carolina's impaired driving and license revocation statutes can be seized and forfeited. If the decision of the district court is reversed, findings of fact by the trial court on remand may still allow the vehicle to be seized and forfeited. It will of course be up to the trial court to determine whether Mr. Dillard qualifies as an "innocent owner" and whether the statutes in question dictate the forfeiture of the car, but since such issues of fact may be determined even after the changes in the statutes, this case is not moot.

### III. Constitutional Arguments

The State first argues that the DWI Seizure Statutes were not unconstitutional under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under Article I, section 19 of the North Carolina Constitution. We agree.

We note at the outset that Mr. Dillard offers very little in the way of support for his arguments. His statements of the law are eloquent, but very general, and they pale next to the strength and specificity of the State's arguments. However, since we cannot accept the State's version of the law on its face, we will address each constitutional point in turn.

### A. The Fourth Amendment

[2] The trial court concluded that the DWI Seizure Statutes violated the Fourth Amendment of the United States Constitution in that the seizure of an innocent person's property is unreasonable and bears no rational relationship to any legitimate government purpose. We disagree.

Indeed, the Fourth Amendment does not prohibit all seizures, only unreasonable ones. *See Harris v. United States*, 331 U.S. 145, 67 S.Ct. 1098, 91 L. Ed. 1399, *reh'g denied*, 331 U.S. 867, 67 S.Ct. 1527, 91 L. Ed. 1871 (1947); *State v. Flemming*, 106 N.C. App. 165, 415 S.E.2d 782 (1992). The warrantless seizure of a motor vehicle does not violate the Fourth Amendment if the officer has probable cause to believe that the vehicle is subject to forfeiture, *see Florida v. White*, —— U.S. ——, 119 S.Ct. 1555, 143 L. Ed. 2d 748 (1999), or that the vehicle is the instrument of a crime, *see State v. Islieb*, 319 N.C. 634, 356 S.E.2d 573 (1987).

The defendant, Bruce Chisholm, was arrested for driving while intoxicated and while his license was revoked. The magistrate found probable cause for the arrest and probable cause for the seizure of the vehicle the defendant drove. Since the record shows that there was probable cause to believe that the vehicle was being used illegally, the district court had no basis for finding that the seizure of Mr. Dillard's automobile violated the Fourth Amendment.

### B. The Fifth and Fourteenth Amendments

[3] The trial court also concluded that the DWI Seizure Statutes violated the Fifth and Fourteenth Amendments to the United States Constitution. Again, we disagree.

The Fifth Amendment's Due Process Clause imposes limits on the federal government, not the state governments. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 713, 102 S.Ct. 2099, 2110, 72 L. Ed. 2d 492, 508 (1982).

It is the Fourteenth Amendment's Due Process Clause that protects individuals from violations by the states, *id.*, so any due process arguments must be supported by this Amendment. However, the trial court's finding that the DWI Seizure Statutes violated the Fourteenth Amendment is also in error since both United States and North Carolina precedent say otherwise.

First, the district court found that the seizure of Mr. Dillard's vehicle violated the Due Process Clause of the Fourteenth Amendment. However, a long line of both United States and North Carolina cases hold that due process is met when a motor vehicle is seized without prior notice or a proper hearing.

Although the general rule is that procedural due process requires notice and an opportunity to be heard before there can be a

denial of any vested property right or interest, courts have consistently upheld statutes that provide for the immediate seizure or forfeiture of vehicles that have been used in violation of the law.

*State v. Richardson*, 23 N.C. App. 33, 37, 208 S.E.2d 274, 276, *cert. denied*, 286 N.C. 213, 209 S.E.2d 317 (1974) (citing *United States v. Mills*, 440 F.2d 647 (6th Cir. 1971), *cert. denied*, 404 U.S. 837, 92 S.Ct. 127, 30 L. Ed. 2d 70 (1971); *Weathersbee v. U.S.*, 263 F.2d 324 (4th Cir. 1958); *Fell v. Armour*, 355 F.Supp. 1319 (M.D. Tenn. 1972); *C.I.T. Corp. v. Burgess*, 199 N.C. 23, 153 S.E. 634 (1930).) The seizure of Mr. Dillard's vehicle was the result of Mr. Chisholm's violation of the DWI Seizure Statutes. Thus, due process was not violated when his car was seized.

Moreover, although the statutes in question contained "innocent owner" provisions, such defenses are not required for a seizure statute to pass constitutional muster. In *Bennis v. Michigan*, 516 U.S. 442, 116 S.Ct. 994, 134 L. Ed. 2d 68, *reh'g denied*, 517 U.S. 1163, 116 S.Ct. 1560, 134 L. Ed. 2d 661 (1996), the United States Supreme Court held that due process does not require an innocent owner defense. A vehicle used to facilitate criminal activity can be seized and forfeited even if the owner is unaware of what the car is used for. The Court also said that such a forfeiture is not a taking requiring just compensation because it is an exercise of the state's police powers. *Id.* at 442, 116 S.Ct. at 996, 134 L. Ed. 2d at 72.

[4] Second, the district court concluded that the DWI Seizure Statutes denied equal protection of the law to innocent parties. However, the Equal Protection Clause of the Fourteenth Amendment protects citizens from irrational classifications. To invoke the protection of this Amendment, a classification must be made. *See Phelps v. Phelps*, 337 N.C. 344, 350, 446 S.E.2d 17, 20, *reh'g denied*, 337 N.C. 807, 449 S.E.2d 750 (1994). The statutes in question made no classifications—they applied equally to all persons whose vehicles were used in an illegal manner.

Nonetheless, the district court found that the DWI Seizure Statutes "denie[d] equal protection of the laws to innocent persons." However, the seizure of vehicles still applied equally to all owners. And, while the "innocent owner" exception allowed innocent owners to recover their vehicles while others could not, that exception served only to protect those vehicle owners who were without fault in the commission of a crime. Thus, even if the "innocent owner" exception was a classification, it was most assuredly quite rational.

C. Article I, Section 9

[5] The district court also ruled that the DWI Seizure Statutes violated the Law of the Land Clause under North Carolina Constitution Art. I, § 19. The Law of the Land Clause is the equivalent of the Fourteenth Amendment's Due Process Clause. *See State v. Collins*, 169 N.C. 323, 84 S.E.2d 1049, 1050 (1915); *Buchanan v. Hight*, 133 N.C. App. 299, 515 S.E.2d 225, 230 (1999). Since the clauses are equivalent, "a decision of the United States Supreme Court interpreting the Due Process Clause is persuasive, though not controlling, authority for interpretation of the Law of the Land Clause." *Evans v. Cowan*, 132 N.C. App. 1, 510 S.E.2d 170, 174 (1999).

Having already determined that the DWI Seizure Statutes did not violate the Fourteenth Amendment's Due Process Clause, there is a presumption the Statutes did not violate the Law of the Land Clause. Nonetheless, a statute can still be unconstitutional under Art. I, § 19 even if it passes muster under the United States Constitution. *See In re Meads*, 349 N.C. 656, 671, 509 S.E.2d 165, 175 (1998). The constitutional inquiry under the Law of the Land Clause is two-fold: (1) does the statute have a legitimate objective, and (2) if so, are the means chosen to implement that objective reasonable? *Id.*

We hold that the DWI Seizure Statutes have a legitimate objective—keeping impaired drivers and their cars off of the roads. The means chosen to further the goals of the statutes—seizing the cars to remove them from the roads—is directly related to the goal of the statutes. Using the two-prong test, the DWI Seizure Statutes are constitutional under Art. I, § 19 of the North Carolina Constitution.

III. The State's Other Arguments

The State also argues that the district court improperly decided this case because (1) the court lacked jurisdiction to decide the constitutional questions, and (2) Mr. Dillard failed to serve the State Attorney General under N.C. Gen. Stat. § 1-260 (1996), which requires that the Attorney General be served in any matter challenging the constitutionality of a statute. Since we have now determined that no constitutional questions remain, the only issues for the lower court to decide are the factual issues involved in the DWI Seizure Statutes. This being the case, the petitioner does not need to serve the Attorney General and the remaining issues can be decided in the district court.

## IV. Conclusion

For the reasons given above, the district court incorrectly declared N.C. Gen. Stat. §§ 20-28.2 through 20-28.7 (Supp. 1997) unconstitutional. The decision of the district court is reversed and remanded to determine the fate of Mr. Dillard's vehicle under the current version of the statutes.[1]

Reversed and remanded.

Judge EDMUNDS concurs.

Judge JOHN dissents in a separate opinion.

Judge JOHN voting to dismiss appeal.

Because I believe the issues raised by the instant appeal are moot, I neither concur in nor dissent from the majority opinion, but vote to dismiss the appeal.

Our Supreme Court has observed,

[a] case is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.

*Roberts v. Madison County Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d. 783, 787 (1996) (citation omitted).

Further,

[w]henever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. . . . If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action.

---

1. Since the trial court awarded possession of the vehicle to Mr. Dillard and the State did not obtain a stay of that order pending this appeal, it may well be that any attempt to obtain the vehicle will be futile. Nonetheless, we answer only the question before us—the constitutionality of the DWI Seizure Statutes—and not the issue of how the State may now enforce those statutes as to the vehicle delivered under court order to Mr. Dillard over a year ago.

*Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994) (citations omitted). This is true even if, as here, the action is brought as a declaratory judgment action. *Pearson v. Martin*, 319 N.C. 449, 451, 355 S.E.2d 496, 498 (1987).

Petitioner originally challenged seizure of his vehicle under N.C.G.S §§ 20-28.2 -28.7 (Supp. 1997). As the majority acknowledges, those statutes were amended by 1998 N.C. Sess. Laws ch. 182, sec. 2-8, which amendments became effective 15 October 1998 and 1 December 1998, nearly one year ago, and are now codified at N.C.G.S. §§ 20-28.2 -28.9 (Supp. 1998). The amendments pertain, *inter alia*, to procedures for determination (1) of qualification as an innocent owner, G.S. § 20-28.2(a1)(2), (e); (2) of when a seized vehicle may be released before trial, G.S. § 20-28.3(e1); (3) of when a seized vehicle may be released without a hearing, *id.*; and, (4) of when a defendant convicted of impaired driving must reimburse an innocent owner for costs associated with seizure of his vehicle, G.S. § 20-28.3(*l*).

I believe the constitutional issues *sub judice* have been rendered moot by the foregoing comprehensive amendments. As petitioner properly observes,

> [w]hile the underlying premise of the [DWI Seizure Statutes] as revised may be the same, with the opportunity now for a pre-trial determination of innocent ownership and the permanent return of the seized motor vehicle, the possibility of reimbursement for the cost of towing and storage fees and expedited DWI trials involving motor vehicles subject to forfeiture, the framework within which a constitutional analysis of the [DWI Seizure Statutes] as revised should take place has dramatically changed.

Determination regarding the constitutionality of superseded statutes is an "action merely to determine abstract propositions of law" and should be dismissed. *Simeon*, 339 N.C. at 370, 451 S.E.2d at 866. Because of the substantial changes effected by 1998 N.C. Sess. Laws ch. 182, sec. 2-8, the issue of the constitutionality of the DWI Seizure Statutes at the time petitioner's vehicle was seized has been rendered moot. Accordingly, I vote to dismiss the State's appeal.