ELMORE, Judge.
Respondent J.D.G. appeals from a juvenile order finding him to be in willful violation of the protective supervision imposed following respondent's earlier adjudication as an undisciplined juvenile. For the reasons stated herein, we dismiss respondent's appeal as moot.
The relevant facts are as follows: on 2 April 2002, respondent's mother filed a juvenile petition, alleging that the then sixteen-year-old respondent was an undisciplined juvenile pursuant to N.C. Gen. Stat. § 7B-1501(27). On 23 April 2002, following a hearing at which respondent was unrepresented by counsel, the trial court found respondent to be undisciplined and placed respondent under the protective supervision of a juvenilecourt counselor for a period of up to three months, pursuant to N.C. Gen. Stat. § 7B-2503(2) (2003). The terms of respondent's protective supervision required, inter alia, that he obey a curfew and be inside his home from 7:00 p.m. until 6:00 a.m. each day for the first 30 days. The protective supervision placed additional restrictions upon respondent's liberty by ordering respondent to stay away from persons and places deemed inappropriate by the court counselor and to submit to warrantless searches upon request.
Shortly thereafter, on 8 May 2002, a motion and order to show cause was issued, directing respondent to appear and show cause why he should not be held in contempt for willfully failing to comply with the trial court's 23 April 2002 order. Counsel was appointed to represent respondent at the show cause hearing, which was held on 20 May 2002. Following the hearing, the trial court found that respondent had willfully violated the curfew provision of his protective supervision on 27 April 2003. Based on this finding, the trial court ordered as follows:
that the respondent's protective supervision be extended for a period of up to three months . . . with the following additional conditions:
1. Abide by curfew, as previously ordered on April 23, 2002 . . . .
2. 1/24-hour period in secure custody, at the discretion of the supervising court counselor.
On 28 May 2002, respondent's counsel filed a motion for appropriate relief requesting that the trial court vacate the "order confining the Respondent for 24 hours in any approved Juvenile Detention Center at the discretion of the Respondent'sJuvenile Court Counselor." Respondent's sole argument in support of his motion was that the holding in Alabama v. Shelton, 535 U.S. 654, 152 L. Ed. 2d 888 (2002), a United States Supreme Court decision handed down the same day respondent was found to be in contempt of court, should be extended by analogy to require that the 20 May 2002 order finding respondent in contempt of court be vacated because respondent was neither provided counsel nor waived his right to counsel at the earlier 23 April 2002 hearing by which respondent was adjudicated undisciplined. By order entered 4 June 2002, the trial court denied respondent's motion.
Respondent brings forth two assignments of error, arguing that the trial court erred by: (1) refusing to set aside the juvenile order requiring that respondent be held in secure custody for a 24-hour period for violating the terms of his protective supervision, on the grounds that the holding in Shelton should be extended to require that the order be vacated because counsel was neither provided for, nor waived by, respondent prior to the earlier hearing to determine whether respondent was an undisciplined juvenile; and (2) allowing the supervising court counselor to determine the timing of respondent's 24-hour period of confinement.
However, because respondent's appeal is moot, we do not reach respondent's assignments of error. "A case is considered moot when `a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" Lange v. Lange, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (quoting Roberts v. Madison County. Realtors Assn., 344 N.C. 394, 398-99,474 S.E.2d 783, 787 (1996)). Courts will not entertain cases which are considered moot because it is not the responsibility of courts to decide "abstract propositions of law." In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), cert. denied, 442 U.S. 929, 61 L. Ed. 2d 297 (1979).
In the present case, respondent acknowledges in his brief that he has already served the 24-hour period of confinement imposed following the trial court's determination that he willfully violated the terms of his protective supervision. Moreover, the record indicates that respondent's date of birth is 27 February 1986. Respondent therefore reached the age of eighteen on 27 February 2004, at which point the trial court's jurisdiction over respondent as an undisciplined juvenile terminated. See N.C. Gen. Stat. § 7B-1600 (b) (2003). Protective supervision, the violation of which resulted in the order from which respondent now appeals, was imposed upon respondent following the trial court's adjudication of respondent as an undisciplined juvenile. "If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." Peoples, 296 N.C. at 148, 250 S.E.2d at 912.
As no motion to dismiss for mootness has been filed herein, we dismiss the appeal ex mero motu.
The action is moot, and the case on appeal is hereby dismissed.
Appeal dismissed.
Judges MCGEE and MCCULLOUGH concur.
Report per Rule 30(e).