CHARLES SAMPSON, Employee, Plaintiff
v.
PILKINGTON NORTH AMERICA, INC., Employer SELF-INSURED (SPECIALTY RISK SERVICES, SERVICING AGENT), Defendants
No. COA07-353
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Heidi G. Chapman, P.L.L.C., by Heidi G. Chapman, for plaintiff-appellant.
Teague, Campbell, Dennis & Gorham, LLP, by Courtney C. Britt, for defendant-appellees.
HUNTER, Judge.
Charles G. Sampson ("plaintiff") appeals from an opinion and award entered 5 September 2006 and from an order denying reconsideration by the North Carolina Industrial Commission entered 27 October 2006. After careful review, we grant defendant's motion to dismiss. This claim arises out of an admittedly compensable accident that occurred on 12 March 2001 when plaintiff, while working for defendant Pilkington North America, injured his back, neck, head, and right knee when a heavy glass crate fell on him. Defendant Pilkington and defendant Specialty Risk Services have been paying plaintiff disability benefits since March 2001. Hearings were held by the Industrial Commission on 15 January 2002, 26 March 2002, and 23 September 2004; an opinion and award followed from a deputy commissioner awarding plaintiff ongoing disability benefits. Defendants appealed to the Full Commission on 13 October 2005, the same date they received surveillance evidence consisting of reports and videos of plaintiff performing various tasks. On 13 January 2006, defendants moved to admit these items into evidence. On 5 September 2006, the Full Commission granted the motion and admitted the items into evidence. After considering these items alongside the other evidence, the Full Commission entered an award on 5 September 2006 concluding that plaintiff was permanently and totally disabled as a result of the work injury and entitled to disability benefits for the rest of his life. Plaintiff was deemed entitled to a non-exclusive list of medical treatment that includes a variety of physical and mental care, as well as naming six authorized treating physicians. Plaintiff filed a motion for reconsideration on 18 September 2006. This motion was denied.
From this denial and from the award of permanent and continuing disability benefits, plaintiff now appeals to thisCourt, asking that we declare the admission of this evidence reversible error.
As defendants note, however, this appeal is moot. "A case is ' moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Roberts v. Madison County Realtors Assn., 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Plaintiff won permanent, continuing disability benefits before the Full Commission. Any review we make of the evidence can produce no more beneficial result or practical effect on the award. Indeed, plaintiff himself seems to realize this, as his brief lists under "Relief Sought" no actual relief but instead a series of desired rulings regarding the evidence: Both rulings that the Commission abused its discretion in considering this new evidence and not ruling on certain of plaintiff's motions, as well as a ruling that defendants "will not be permitted to show the surveillance video and surveillance report in any manner to any physician or Independent Medical Examiner in connection with [plaintiff]." The rulings plaintiff asks this Court for are, in essence, declaratory judgments. As our Supreme Court has noted, although the Uniform Declaratory Judgment Act authorizes this Court to issue such judgments when requested, it does not require us to respond to
mere academic inquiry when the questions presented are altogether moot, arising out of no necessity for the protection of any right or the avoidance of any liability, and where the parties have only a hypothetical interest in the decision of the court. The statute does not require the court to give a purely advisory opinion which the parties might, soto speak, put on ice to be used if and when occasion might arise.
Tryon v. Power Co., 222 N.C. 200, 204, 22 S.E.2d 450, 453 (1942); see also N.C. Gen. Stat. § 1-253  267 (2005). If, as plaintiff claims, the admission of this evidence somehow becomes of practical importance in future proceedings, that point will be the appropriate time to seek the rulings listed above.
"[A]n appeal presenting a question which has become moot will be dismissed." Matthews v. Dept. of Transportation, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978). Defendants have filed a motion to this Court setting out the legal and logical reasons that this appeal should be dismissed, and this Court agrees. Thus, this appeal is dismissed as moot.
Appeal dismissed.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).